## T. L. CLICK v. LAMAR COUNTY.

### No. 6756.

1. **Public Road — Prescription.** — That a road had been used twelve to fifteen years in nearly the same place by the public evidences a right against the owner of the land. A claim for damages against the county for value of the land taken up by the road is barred by prescription upon such use.

2. **Fact Case.**—See facts held sufficient to establish the existence of a public road.

APPEAL from Lamar. Tried below before Hon. E. D. McLellan. The opinion contains a statement of the case.

*Hale & Hale,* for appellant.— 1. The judgment of the court is in conflict with the law and the facts of the case. Its findings of facts are not sustained by the facts proved, are in conflict therewith, and the judgment ought to have been for the plaintiff. Franklin County v. Brooks, 68 Texas, 679; Hamilton v. Garrett, 62 Texas, 602; Ramthun v. Halfman, 58 Texas, 551; Galveston v. Williams, 69 Texas, 449; Washb. on Ease., pp. 211, 212,

236; Thomp. on Highw., p. 55; Harding v. Jasper, 14 Cal., 643, 645; Griffin's Appeal, 109 Pa. St., 153; Buchanan v. Curtis, 25 Wis., 107; Graham v. Hartwell, 10 Neb., 520.

2. The appellant is not barred by prescription from recovering damages by reason of the road running across his land, and the judgment ought to have been for the plaintiff. Const., art. 1, sec. 17; Franklin County v. Brooks, 68 Texas, 679; Hamilton v. Garrett, 62 Texas, 602; Rhodes v. Whitehead, 27 Texas, 310, 311; Washb. on Ease., p. 184; Johnson v. Lewis, 68 Texas, 448; Graham v. Hartnett, 10 Neb., 517; State v. Railway, 45 Ia., 139; Warren v. Jacksonville, 15 Ill., 241, 242.

*Dudley & Moore*, for appellee.— 1. It is not absolutely necessary to establish a public highway that its boundary lines be surveyed and it be opened and appropriated to public use under an order of the Commissioners Court, but it may be established by a dedication on the part of the owner of the soil over which it runs, and the assent thereto and the use thereof by the public; and such dedication may be presumed from use, notwithstanding the public travel may have deviated at points from the old route. A public highway may also be established by prescription, and was so established in this case, as well as by an order of court and dedication. Bridge Co. v. Compton, 62 Texas, 715; Hobbs v. Lowell, 19 Pick.; 405; Howard v. State, 47 Ark., 431; Lemon v. Hayden, 13 Wis., 177; Wyman v. State, 13 Wis., 663; Kripp v. Curtis, 71 Cal., 62; Babcock v. Welch, 71 Cal., 400.

2. When the public, with the knowledge of the owner, has claimed and continuously exercised the right of using land for a public highway for a period equal to the longest fixed by the State for bringing actions of trespass to try title, their right to the highway as against such owner is complete by prescription, and the county has so acquired such highway.

3. The appellant is barred from maintaining this suit by both the ten years statute of limitation and by the law of stale demand.

4. If appellant had any cause of action at all against the county it was in the nature of and for a trespass to real estate, and it arose or accrued more than two years next preceding the institution of this suit and is barred by the two years statute of limitation. Rev. Stats., arts. 3194, 3203; Bridge Co. v. Compton, 62 Texas, 715; Lemon v. Hayden, 13 Wis., 177; Wyman v. State, 13 Wis., 663; Onstatt v. Murray, 22 Ia., 457; Kripp v. Curtis, 71 Cal., 62; Babcock v. Welch, 71 Cal., 400; Patton v. State, 6 S. W. Rep., 227· Hobbs v. Lowell, 19 Pick., 405; Howard v. State, 47 Ark., 431.

ACKER, PRESIDING JUDGE.—T. L. Click brought this suit on the 12th day of August, 1887, to recover of Lamar County $187.50, the alleged value of three and a fraction acres of land appropriated by defend-

ant for a public road, and also to recover $757.26 for damages to adjacent land and for expense incurred by plaintiff in building the fences for a lane across his land.

The defendant answered that the road had been regularly located and opened as a public road by the orders and authority of the Commissioners Court of Lamar County in May, 1857, and had been constantly worked and kept up by defendant as a public road ever since, and that plaintiff's claim was therefore a stale demand; that the road was changed from its original location in March, 1872, under an order of the Commissioners Court, granted on the petition of plaintiff and other citizens, to its present location, and that plaintiff by his application for permission to change the road, and his changing it to its present location, thereby dedicated the land upon which the road is located to the use of the public and waived his claim for damages.

The trial without a jury resulted in judgment for defendant, and plaintiff appealed.

The first assignment of error is: "The court erred in its findings of fact, and such findings are not sustained by the statement of facts, but are in conflict therewith. There is no evidence that a public road was ever laid off on or over the land in controversy by the Commissioners Court, or that Lamar County ever held the *locus in quo* upon any claim of right or title thereto; and because the evidence shows that appellant never in any manner consented or intended to give up said land without compensation, or to dedicate it for a public road or to the public for any purpose, but simply permitted the public to travel over it until he desired to enclose and use it."

The plaintiff testified that the road had been traveled for ten or twelve years before the trial in a "zig-zag" way across his land in the general direction it now runs, and that he made it straight the year before the trial by fencing on each side of it.

The defendant introduced in evidence an order of the Commissioners Court made on the 19th day of February, 1857, appointing a jury of view to lay out and mark a public road from Paris in the direction of Mount Vernon, and an order approving the report of the jury of view and apportioning hands to work the road dated, May 20, 1857. The road was known as the Mount Vernon road until about 1868 or 1869, when it began to be called the Biardstown road, as appears from numerous orders of the Commissioners Court authorizing changes in the road, appointing overseers, and apportioning hands to work it, made from the year 1868 to the time of the trial.

S. H. Biard testified: "I am acquainted with the Paris and Biardstown road; have known it all my life, and I am thirty years old. The road was originally laid out diagonally across plaintiff's field, on his own headright, but it has been put further east from time to time by plaintiff putting his

fence out and taking in more land, till it reached its present location. I do not know whether plaintiff got an order of court for such changes or not. The road has been traveled by the public, and worked and bridges built on it by the county, for the past twelve or fifteen years on the route it now runs on. It has varied a little at times, during wet and muddy weather, when the travel would go out of the regular beaten way to get a firmer bed, and it would then gradually beat back, and it has substantially been on the same ground for the past twelve or fifteen years, always entering and going out of plaintiff's land at the same points on the north and south respectively and running diagonally across it in the same general direction or course."

M. J. Hathaway, county judge, testified: "The county has for more than ten years recognized this as a public road, and has appointed overseers, assigned hands, worked the same, and built bridges thereon where it crosses the plaintiff's land, and it has been continuously traveled by the public during all that time." H. A. Evans, county commissioner, sustains Hathaway, county judge.

T. H. Freese testified: "It (the road) has been worked and bridges built thereon by the county, and traveled by the public continuously for the past ten or twelve years, and substantially ran on the same route or ground it now runs on, always entering plaintiff's land at the same point (at the mouth of John Biard's lane) on his north boundary line, and going out at the same point (at the mouth of another lane) on his south boundary line, and running diagonally across it in the same general course."

H. B. Birmingham testified: "It (meaning the road) has crossed his (meaning appellant's) land at the same place it now runs for the past twelve or fifteen years. It has always entered his land on the north and gone out on the south at the same points, and run diagonally across it in the same general course. It has been worked by the county and traveled by the public continuously during all that time."

The court filed findings of fact substantially as follows:

"That the road was regularly laid out and established under authority of the Commissioners Court in the year 1857, and that it had been recognized and worked by and under the authority of said court and used as a public county road ever since.

"That the road, as it originally ran on the plaintiff's land, had been changed from time to time to run further east, by the plaintiff fencing from the west and by orders of the Commissioners Court, but that the road had always, since first established, run diagonally across plaintiff's land from a northwesterly to southeasterly direction. That the road as now located on plaintiff's land had been traveled and used by the public, and had been recognized by the Commissioners Court appointing overseers and building bridges on the same, and had been regularly worked as a public road for twelve or fifteen years; that during that time the road has been

located at substantially the same place, and that plaintiff himself had recognized the right of defendant to the road by applying at different times to change its location on his land."

Upon which the court filed the following conclusion of law:

"The plaintiff is barred by prescription from recovering damages by reason of said road running across his land."

We think the above recited evidence abundantly sustains the court's findings of fact, and the facts so found, we think, sustain the court's conclusion of law, which is complained of by the only other assignment of error presented.

We are therefore of opinion that the judgment of the court below should be affirmed.

*Affirmed.*