TOOTLE, HANNA & CO. V. J. F. JENKINS ET AL.

No. 3230.

**Application of Payments.**—A mercantile firm was dissolved by the death of one of its members.   The surviving member continued the business, using the firm name. In his dealings with a creditor firm he made purchases and remittances in the name of the dissolved firm.   The creditor firm learning of the death applied all payments made subsequent to such information to the survivor's account made subsequent to the death.   The creditor firm brought suit against the administrator of the deceased member and the surviving member.   *Held:*

1.   As to funds arising from the firm property the law would require that they should be applied to the account made by the firm.

2.   As to funds arising from the transactions of the survivor in the business after the death, and payments from other private funds, the law would allow the creditor to make application in absence of directions by the debtor.

3.   The creditor having applied payments made by the survivor to his own account, the administrator of the estate of the deceased, to correct such application, would have to show that such payments were of assets of the partnership.

APPEAL from Hunt.    Tried below before Hon. J. S. SHERRILL, Special District Judge.

The opinion states the case.

*Mathews & Neyland,* for appellants.—The judgment is erroneous, in this, that it takes from the creditor the right to apply credits, when he has more than one account, in absence of instructions of the party paying, to any one or more accounts he may have against the same creditor, and makes such a right depend upon the knowledge or consent of the debtor.    It is error to hold that a creditor receiving money may not apply it to any account he may have against the debtor paying, when the debtor does not direct how the credit shall be applied.    It is also error to hold that the creditor is bound to notify the debtor how he has applied the fund paid to him; to so hold would be to take away the right of a creditor receiving money without instructions as to its application to apply the fund on any account he might have against the debtor, and would make the right so to apply depend on the assent of the debtor.    Matossy v. Frosh, 9 Texas, 610; Taylor v. Coleman, 20 Texas, 772; Bray v. Crain, 59 Texas, 649; Wood v. Calleghan, 64 Mich., 402; 1 Story's Eq., sec. 549c; 2 Greenl. on Ev., sec. 529; Haynes v. Waite, 14 Cal., 447; Wendt v. Ross, 33 Cal., 650.

*M. M. Brooks* and *Grubbs & Hafner,* for appellees.—While the law gives to a debtor owing several claims to the same creditor the right to direct the application of a payment, and while such creditor, in the absence of such direction by the debtor, may make the application himself, it does not permit a surviving partner of a firm dissolved by the death of one of its members to direct, nor does it give to the creditor the right to make, such application as would be prejudicial to the rights or interests of the estate of the deceased partner.    Kendall v. Riley, 45 Texas, 20; White v. Tudor, 24 Texas, 639; Haddock v. Cocheron, 32 Texas, 276; Fulton v. Thompson, 18 Texas, 278; Id., 286; Cook v. Carson, 45 Texas, 429; Story on Part., pp. 343, 344; Goode v. McCartney, 10 Texas, 193.

HENRY, ASSOCIATE JUSTICE.—This suit was brought by Thomas K. Hanna, as surviving partner of the firm of Tootle, Hanna & Co.,

against H. J. Jenkins and M. M. Brooks, as administrator of the estate of J. F. Jenkins, deceased, to recover upon an account for merchandise.

J. F. Jenkins and H. J. Jenkins were merchants and partners transacting business, until the death of the former, under the firm name of J. F. Jenkins & Bro. When their firm was dissolved, on the 12th day of October, A. D. 1885, by death, the firm was indebted, on an open account, to Tootle, Hanna & Co. in the sum of $1531.90. After the death of his partner H. J. Jenkins continued the business, using the same firm name, and bought other goods upon a credit from Tootle, Hanna & Co. to the amount of $1604.01, which the last named firm charged upon their books as one continuing account to J. F. Jenkins & Bro.

It appears that Tootle, Hanna & Co. did not have notice of the death of J. F. Jenkins until the month of January, 1886, and that in the meantime all correspondence and purchases of goods by the appellee H. J. Jenkins had been in the firm name J. F. Jenkins & Bro. H. J. Jenkins had also up to that time continued to make remittances to be credited upon the indebtedness in the name of the firm, which had been entered as credits upon the account as a continuing one.

On the 19th day of January, 1886, H. J. Jenkins paid to an attorney of appellant the sum of $400, which the attorney receipted for as being paid on the account against J. F. Jenkins & Bro., but nothing was said by the debtor as to the manner of its appropriation. The attorney sent the money collected by him to his clients, informed them of the death of J. F. Jenkins, and advised them to apply the remittance made by him to the credit of the account made by H. J. Jenkins subsequent to the death of his partner.

Accordingly Tootle, Hanna & Co. then for the first time made a distinction between the indebtedness accruing before and after the death of J. F. Jenkins, and having applied all payments received by them previous to the remittance through Gilbert to the first indebtedness, they applied the payment so remitted, and all subsequent payments, as credits upon the debt created after his death.

The subsequent payments were all remitted by H. J. Jenkins in the name of J. F. Jenkins & Bro. without any direction by him with regard to their application, but he testified that he intended and expected that they would be applied to the whole indebtedness as a continuing one, and so as to first extinguish the firm debt. Tootle, Hanna & Co. acknowledged the payments as received to be credited upon their account against J. F. Jenkins & Bro., and did not inform H. J. Jenkins of their application of the payments last made exclusively to the last indebtedness.

If all of the payments made had been applied to the first indebtedness they would have extinguished it. Applied as they were, there remained due upon the account as it existed at the death of J. F. Jenkins

the sum of $502.90. The appellant presented a claim for this sum to the legal representative of J. F. Jenkins, and the claim having been rejected he brought this suit for its recovery against the legal representative and the surviving partner.

The cause was tried without a jury, and judgment was rendered in favor of the executor of J. F. Jenkins and against H. J. Jenkins.

In his findings of fact the judge states that, "It appears from all the evidence that the money (paid by H. J. Jenkins) was taken in the usual course of business. It is impossible to ascertain how much belonged to the old firm and how much to the new one."

We do not think that a correct decision of this controversy depends entirely upon the rule with regard to the application of the payments. If there had been different debts due by one and the same debtor, then unquestionably upon the failure of the debtor to direct the application of a partial payment it would have been the right of the creditor to apply it to either debt. Upon the death of J. F. Jenkins the partnership of J. F. Jenkins & Bro. was dissolved, and the only power that H. J. Jenkins had as surviving partner was to wind it up. He had no power to create new debts against it. He had, of course, the right to conduct a business of his own, and to purchase goods, create debts, and pay them. It was wrong for him to mingle and confuse his own property and business with that of the firm. His continued use of the firm name did not make his individual transactions less his own business. No doubt a remedy would have been applied in favor of either the firm creditors, if there were such, or the legal representatives of the deceased partner, if it had been applied for.

The facts show the existence of two separate and distinct debts against separate debtors. Without regard to the law of the application of payments, if it can be shown that any part of any payment made was the proceeds of the firm property, it should be applied to the credit of the firm debt. To whatever extent any payment was made out of the proceeds of property purchased by the surviving partner, or out of his private funds, however acquired, the law with regard to the appropriation of payments must be applied, and it requires in this case that the appropriation made by the creditors shall be protected. If the evidence fails to show that the payments that were applied to the indebtedness of J. F. Jenkins were made from funds or property belonging to the firm, we do not think that the application made of them by the creditors should be disturbed.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Delivered October 30, 1891.