Texas & Pacific Railroad Company v. Kaufman County.

Decided November 10, 1897.

**1. Railway Crossings.**

It seems under the Act of 1885, Revised Statutes, article 4435, it should be held that the Legislature can authorize a highway to be laid out across a railway track without compensation for the burden thereby imposed.

**2. Same—Highway Crossing by Prescription.**

See findings of Court under which it was held that a public highway, recognized and worked as such for twelve years or more, had been acquired by prescription prior to the construction of the railway across it, and the company was held liable for the maintenance of the crossing.

Appeal from the County Court of Kaufman.    Tried below before Hon. Nestor Morrow.

*T. L. Stanfield,* for appellant.—1.   When the Texas & Pacific Railway acquired the right of way and constructed its road, whether acquired by deed or condemnation proceedings, the property in the land passed to the company, and it could not be deprived thereof except by due process of law.   Const., art. 1, sec. 17; Railway v. Fuller, 63 Texas, 467; Railway v. Rowland, 70 Texas, 303; Railway v. Ellis, 70 Texas, 311; Railway v. State, 23 Fla., 546; 11 Am. St. Rep., 395; Cool. Const. Lim., 653-7; Crossley v. O'Brien, 24 Ind., 327; Railway v. Commissioners, 45 Kan., 717; Redf. on Railways, 6 ed., p. 40; Pierce on Railways, 193; 6 Am. and Eng. Encyc. of Law, 554, 555.

2.   Where a highway is established across a railway company's right of way, it is entitled to compensation for all necessary expenditures in constructing cattle guards and such other things as it is required by statute to construct on account of the highway.   Railway v. Commissioners, 48 Kan., 576; Commissioners v. Railway, 46 Kan., 104; Railway v. Commissioners, 45 Kan., 716; Crossley v. O'Brien, 23 Ind., 337; Redf. on Railways, 40; Pierce on Railways, 193; 6 Am. and Eng. Encyc. of Law, 554, 555; Mills on Em. Dom., sec. 33; Elliott on Roads and Streets, 166.

3.   The railway having acquired the property in the land comprised within its right of way, having constructed its roadbed, track, and put its road in operation, it was not within the province of the Legislature by subsequent enactment to require the railroad company to give the right of way for crossings and to keep the roads in repair across the right of way.   Sayles' Rev. Stat., art. 4170b; Const., art. 1, sec. 16; Railway v. Ellis, 70 Texas, 311.

4.   When the plaintiff once acquired the right to pass over defendant's right of way and roadbed, if it thereby acquired the right to require defendant to make a crossing, whether such right was acquired by deed, by condemnation proceedings, or by prescription, such rights did not authorize the plaintiff to abandon one crossing and move to another place, and require defendant to make it a new crossing and a road across the

defendant's road and right of way at each removal. Rev. Stats., arts. 4671, 4672, 4676, 4681; Railway v. Phillips, 112 Ind., 59.

5. When the Texas & Pacific Railway Company secured the right of way, constructed its roadbed and track, and put its road in operation, the right of way became property, and it became subject to the same restrictions and limitations as to easements and public uses as any other class of property and subject to condemnation for easements and public highways. Const., art. 1, sec. 17; Rev. Stats., arts. 4670, 4672, 4675, 4676, et seq.; Myers v. State, 36 S. W. Rep., 255; Railway v. Ellis, 70 Texas, 310; Johnson v. Railway, 116 Ill., 521; Railway v. Potter, 42 Vt., 274; Railway v. Commissioners, 48 Kan., 576; Commissioners v. Railway, 46 Kan., 104; Commissioners v. Railway, 45 Kan., 716.

6. The court erred in rendering judgment against the plaintiff, because if plaintiff ever acquired the right of way over the defendant's right of way, the plaintiff did not thereby acquire right to compel defendant to keep plaintiff's road in proper condition for plaintiff's use. Sayles' Civil Stats., arts. 4361-4364; Railway v. Ellis, 70 Texas, 311; Bourgeois v. Mills, 60 Texas, 77.

W. P. *Williams* and *Lee R. Stroud,* for appellee, cited: Michel v. State, 12 Texas App., 108; Berry v. State, 12 Texas App., 249; Jolly v. State, 19 Texas App., 76; McWhorter v. State, 43 Texas, 666; Railway v. Rowland, 70 Texas, 311; Railway v. Ellis, 70 Texas, 303; Day v. State, 14 Texas App., 26.

COLLARD, ASSOCIATE JUSTICE.—On April 6, 1896, Kaufman County sued the appellant in the Justice Court for $40, penalty of $10 per week for four weeks for failure to place and keep in repair, in proper condition for the use of the public, a crossing, where a public road crossed the railroad, near the town of Lawrence at the entrance of Eighth Street. The claim was supported by affidavit. Judgment was rendered for plaintiff for the $40 and costs, and the company appealed to the County Court.

In the County Court, the plaintiff amended, claiming that from the 31st day of October, 1895, to December 28, 1895, defendant failed to keep such crossing, after due notice, and continued to so fail from December 28, 1895, to and including July 29, 1896. Claim was made for the original $40 penalty and the additional sum of $280, which, together with the $40, amounted to $320, for which plaintiff sued. Defendant answered in the County Court, demurring generally, and specially excepting to the amount claimed, after suit was originally brought in the Justice Court. Special defenses were set up. July 29, 1896, the cause was tried in the County Court without a jury, and after acting on respective demurrers of the parties the court rendered judgment for the plaintiff for $320, to bear interest at 6 per cent per annum, and all costs of suit, including $10 as fee to the county attorney. Defendant has appealed to this court.

*Opinion.*—Appellant complains of the judgment of the court below upon the ground that, if there was such a road as that claimed by appellee, it was laid out and established long after the construction of the railroad, that the railroad was constructed long before the passage of the law upon which suit is based; and it was not within the province of the Legislature, by subsequent enactment, to require the company to give the right of way for crossings and to keep the same in repair. It is also contended that there was no condemnation of the right of way over the railroad, or compensation therefor; and therefore the county could not acquire the right of way for a public road.

As pertinent to these questions, we recite the findings of the court below, which are sustained by the testimony. They are as follows:

"1. The defendant's line of railway was built and constructed through Kaufman County in the year 1873.

"2. The public road, known at that time as the Kaufman and Rockwall road, passed through the open uninclosed prairie about three-fourths of a mile east of where the town of Lawrence now is. That said road was, shortly after the construction of said railway, by an order of the Commissioners Court, changed, so as to pass through the town of Lawrence, situated on said railroad, and was afterwards known as the Kaufman and Lawrence road; that said road was changed several times, but about the year 1884 was so changed as to pass through said town on Eighth street of said town, and since said last named date has continued to run through said town on said Eighth Street, and said street has since been a part of said road.

"3. That said town of Lawrence has had no corporate officers since about 1882 or 1883.

"4. That the crossing on defendant's railroad on Eighth Street existed as a public crossing prior to the time when the Kaufman and Lawrence road was so changed as to pass through said town on Eighth Street, and that defendant company recognized the same from time to time by repairing it and maintaining it as such.

"5. That on October 31, 1895, John Leath, who was then the legally appointed overseer on such road, notified John Casperson, the section boss of defendant company for that portion of its road, that said crossing was out of repair and not in proper condition for the use of the traveling public, and requested that it be repaired, and that this notice was given in writing.

"6. That said crossing was, at the date of the said notice, viz., October 31, 1895, in a bad condition and unsuitable for public use by the traveling public, and has since so remained up to the present date, and that said defendant company has neglected to properly repair same."

From these findings of fact, the court concluded that it was the duty of defendant to have kept the crossing in proper repair, and, failing to do so, it became liable to the penalty denounced by the statute, of $10 for each week since the 1st day of December, 1895, and ordered judgment for that amount.

The statute enacted in 1885 (Sayles' Revised Statutes, article 4170b) required "every railroad company in the State to keep that portion of its roadbed and right of way over or across which any public county road may run, in proper condition for the use, of the traveling public, and in case of failure to do so for thirty days after written notice given to the section boss of the section where such work or repairs are needed by the overseer of such public road, it shall be liable to a penalty of $10 for each and every week such railroad company may fail or neglect to comply with the requirements of the act."

The Revised Statutes of 1895 carried forward the statute of 1885, and it is still in force. Rev. Stats. 1895, art. 4435.

In the case of Railway v. Ellis, 70 Texas, 311, it was held that citizens for their own convenience could not compel the enforcement of a statute requiring a railroad to construct private crossings on uninclosed land, where the company had, before the passage of the act, become the owner of the right of way over the ground; that the act of the Legislature in this respect was unconstitutional. The court refused to hold that in such case the crossing was for the benefit of the public; and therefore refused to hold that the provision of the act was constitutional. The opinion of the court makes a distinction between crossings for private convenience and for public use. "The statutes have conferred," says the court, "upon the commissioners courts the power to establish public roads of the first, second, and third classes, to be maintained by the public (Revised Statutes, articles 4361 to 4364); and also neighborhood roads, which are not required to be worked by the road hands (Revised Statutes, articles 4377 to 4386); and these seem sufficient to meet all necessary wants of the public. If not, additional authority could properly be conferred upon that court." The opinion (by Justice Gaines, the present Chief Justice of the Supreme Court), after the conclusion that the statute applicable to the case can not be sustained upon the ground that it is for the benefit of the public, proceeds: "And it is not necessary for us to decide whether the Legislature can authorize the establishment of a highway across a railroad track without compensation for the burden thereby imposed. Upon this question there is a conflict of decision. In Massachusetts it is held that this can not be done (Railroad v. Plymouth County, 80 Massachusetts, 155); but the contrary doctrine is held in New York;" citing Railroad v. Greenbush, 52 New York, 510, and Railroad v. Brownell, 24 New York, 345. The opinion then proceeds: "The presumption that in granting a charter to a railroad company the Legislature reserves a right to lay out public roads across its track without compensation is much stronger in case of a sparsely settled State than in one which is already densely populated, and it may be that for this reason our courts should follow the rule of the New York decisions."

We believe the better reason is in favor of the New York rule. We believe in this case, however, that the county has acquired the right to the public road, as claimed by it, by prescription. The facts in evidence show that the road crossing the railroad and running into and

along Eighth Street of the town of Lawrence had been "fixed at that point for twelve to nineteen years, and had been used by the traveling public and was worked by road hands and overseer under orders of the commissioners court those years." It was so fixed by order of the court in 1884, "changed so as to pass through said town (of Lawrence) on Eighth Street, and since said date has continued to run through said town on said Eighth Street, and said street has since been a part of the road."

Before 1884 the road was not fixed, but since then it has remained where the county claims it to be.

It was long ago decided in this State that the character of a public road may be established as such by long continued use and by orders of the commissioners court assigning hands to work it as a public road (McWhorter v. State, 43 Texas, 666), and the doctrine has been steadily maintained, even in criminal cases. Michel v. State, 12 Texas App., 108; Jolly v. State, 19 Texas, 76; Click v. Lamar County, 79 Texas, 124.

In the last case, which was a civil suit, it was held that where a road had been used from twelve to fifteen years near the same place, and recognized as a public road by the county commissioners court appointing overseers, assigning hands to work it, and working it as a public road, prescription would fix its character as such.

In this case, the road as claimed by the county had been fixed for twelve to nineteen years, had been so used by the public, was worked as such by road overseers and road hands, under orders of the commissioners court; and it was also shown that the railway company had recognized it as a public road. The road had not been changed since 1884.

The right of the county to the crossing as on a public road, we believe, was perfect by prescription, and it was the duty of the company to make and maintain the crossing, and it became liable to the statutory penalty by failing to do so.

The judgment of the lower court ought to be affirmed; and it is so ordered.

*Affirmed.*