## J. B. Ballard et al. v. Bowie County.

Decided March 3, 1910.

**1.—Public Road—Recognition and Use—Prima Facie Case.**

Evidence of use of a road by the public for many years, its survey by a jury of view, and the subsequent appointment of overseers and improvement as a highway by the authorities, was sufficient, as against one enclosing it, but making no proof of title in himself, to make a prima facie case that it was a public road, though not shown to have been established by the methods recognized by law.

**2.—Public Road—Change.**

A public road can only be changed in the manner provided by law and by the Commissioners' Court. (Rev. Stats., arts. 4672, 4696). Proof that a part of it was enclosed by one claiming title and that thereafter the line as changed by the enclosure was worked and bridged under the direction of the Commissioner of the precinct, did not establish such lawful change.

**3.—Public Road—Class.**

The evidence being held sufficient to show prima facie the establishment of a first class road, the action of the Commissioners' Court in ordering the removal of obstructions to same for the width of forty feet, the minimum legal width for a road of such class, was proper.

Appeal from the District Court of Bowie County. Tried below before Hon. P. A. Turner.

*N. L. Dalby* and *T. N. Graham,* for appellants.—The evidence was insufficient to show a highway by prescription or its establishment in accordance with statute. Worthington v. Wade, 82 Texas, 28; Gulf, C. & S. F. Ry. Co. v. Montgomery, 85 Texas, 67; Gilder v. City of Brenham, 67 Texas, 345; De George v. Goosby, 33 Texas Civ. App., 187; Cunningham v. San Saba County, 1 Texas Civ. App., 480; International & G. N. R. Co. v. Cuneo, 47 Texas Civ. App., 622.

*Patrick G. Henry,* for appellee.—When the general public, under a claim of right, used a defined way without interruption for the longest period of limitation, adversely to the owners of the land and the county asserts a right to the use of the land for a public road, it becomes one by prescription. Franklin County v. Brooks, 68 Texas, 679; Berry v. State, 12 Texas Crim. App., 249; Michel v. State, 12 Texas Crim. App., 108; McWhorter v. State, 43 Texas, 666; Markham v. Railway Co., 1 W. & W., sec. 81; Click v. Lamar County, 79 Texas, 121; Ward v. State, 42 Texas Crim. App., 435; Cunningham v. San Saba County, 1 Texas Civ. App., 480; Race v. State, 43 Texas Crim. App., 438.

It will be presumed, after so many years of use and work and improvement upon said road by the county, without objection of abutting owners of land, that they acquiesced in its use, and that the Commissioners' Court complied with the provisions of the law. Rev. Stats., arts. 4359 to 4390; Franklin County v. Brooks, 68 Texas, 679; Ward v. State, 42 Texas Crim. App., 435; City of San Antonio v. Grandjean, 91 Texas, 430; McWhorter v. State, 43 Texas, 666.

HODGES, ‑ASSOCIATE JUSTICE.—This is an action instituted by Bowie County, in which a mandatory writ of injunction is asked for to compel the appellants to remove certain obstructions placed by them on one of the public roads of the county. The petition, among other things, alleges the public character of the road in question, and that the appellants have constructed fences across it at various places. The appellants, after specially excepting to certain portions of the petition, pleaded general denial, not guilty, estoppel, and abandonment by the county of that portion of the highway on which the obstructions were placed. There was also a plea claiming that the obstructions had been placed there more than ten years before the institution of this suit. A trial before the court without a jury resulted in a judgment in favor of the county.

The assignments of error, presented in different forms, complain of the insufficiency of the eidence to support the judgment. The testimony shows that the road had been used by the public as a highway for forty years or more, and that it connected two important settlements of the county. In 1888 a jury of view was appointed by the Commissioners' Court of Bowie County for the purpose of surveying and locating a public road along this roadway. Two of the members of that jury testified to their appointment, and that they had located and marked out a public road of the first class along that old road. The testimony also shows that from and after that time overseers were appointed, hands were apportioned, and this road worked under the supervision of the county; that it was generally regarded and used as one of the public roads of the county from that time. No question is now made about all of it, except that which has been enclosed by the fences of the appellants, being still one of the public highways of the county. It is claimed, however, by the appellants that the appellee failed to show that this public road had been acquired or established in some of the methods recognized by law; that there was no evidence to prove that the report of the jury of view had been approved, or that any order was made by the Commissioners' Court at any time establishing this road as a public road of the first class. In other words, it is contended that the plaintiff in the suit had failed to prove title to the easement which it asserts. In the present state of the record, we do not think more evidence was necessary. When the appellee proved that the road had been actually used and treated by the county as one of its public highways for any reasonable length of time, it made at least a prima facie case sufficient as against all parties not showing a superior right to the premises over which the road was located. McWhorter v. State, 43 Texas, 666; Lamar County v. Click, 79 Texas, 124, 14 S. W., 1048; Race v. State, 43 Texas Crim. App., 438, 66 S. W., 560; Texas & P. Ry. Co. v. Kaufman County, 17 Texas Civ. App., 251, 42 S. W., 586; Hall v. City of Austin, 20 Texas Civ. App., 59, 48 S. W., 53; Compton v. Waco Bridge Co., 62 Texas, 722. This holding is analogous to the rule in actions of trespass to try title, which permits the plaintiff to recover against a mere trespasser upon proof of prior possession. Such possession, whether as to the fee or the easement, is some evidence of ownership; but the fact that it may be overcome by counter-

proof showing an opposing claim supported by superior evidence of actual ownership, does not challenge the correctness of the proposition. We do not mean to say that the testimony here relied upon by the appellee as showing the right in the public to the easement claimed would be sufficient as against one who had proved ownership of the fee in the premises, but only as against one who had failed to show any such rights. In this case the appellants offered no proof whatever of their title, if any they had, or proof of any title inconsistent with the claim asserted by the county. For aught that appears in the record to the contrary, they may have been mere trespassers encroaching upon the public highway without any semblance of right to the premises upon which they placed the fences. The fact that they claimed to own the land over which the road ran is not proof of that fact in this suit, any more than a similar claim would be in an action involving title to the fee. Hence the prima facie case made out by the county, that this roadway was a public highway of the first class, was not met, and the court was amply justified in concluding as he did upon that issue.

It is true the testimony shows that the obstructions in question, or part of them, were placed upon the road several years ago, and that before and since that time the change thereby made in the course of the road has been acquiesced in by the commissioner of that precinct and worked by the hands who have been assigned to that section. This feature of the case involved the legality and regularity of changing the course of an established public road. The statute has provided a method, and the only method, by which this can be done in a manner binding upon the traveling public. It provides that the Commissioners' Court may alter or change the course of a public road in accordance with the provisions of law, after notice, upon application, in the same manner as is provided for the discontinuance of a road, except that the application need not be signed by more than one freeholder of the precinct in which the alteration or change is proposed to be made. It is also provided that no public road shall be altered or changed except for the purpose of shortening the distance from the point of beginning to the point of destination, unless the court, upon full investigation of the proposed change, finds that the public interest will be better served by making the change, and that said change shall be by unanimous consent of all the commissioners elected. Revised Civil Statutes, arts. 4672, 4696. It was shown affirmatively by the plaintiff in this suit that no such official action had ever been taken by the Commissioners' Court upon any application to change the course of the road at the places where the obstructions were located. It was shown that a petition to that effect had been presented, and the court had refused to order the change made; that the change relied upon was made by some one at the instance of the commissioner of that precinct without any order of the court, and that the hands apportioned thereafter worked the road, and bridges were constructed upon the new road. This appears to be the only authority relied upon by the appellants for having made the change. This unauthorized action of the commissioner would not be binding upon the county as the representative of the traveling public, who had a right to continue the

use of the former roadbed until changed in the manner pointed out by the statute. When a public highway has once been established, the public has a right to its continued existence as such, and upon the very ground on which it is located, until it is changed or altered in a manner authorized by law.

It is complained that the evidence was insufficient to justify the court in directing the opening to be forty feet wide. The statute provides that a road of the first class shall be not less than forty nor more than sixty feet in width. The testimony, we think, was sufficient to justify the court in concluding that a road of the first class had been established upon this ground, and there was no error in giving the minimum width.

Most of the testimony of the witnesses appears to have been given with reference to a diagram used upon the trial, and the record of this testimony is in such a condition that we are unable to determine in many important instances what the witnesses really meant. Those were all matters before the court, and we may properly assume that they were sufficient to justify the conclusions reached.

We do not think there was any error in the judgment, and it is accordingly affirmed. The writer claims no credit or responsibility for the poetic effusions which follow.

LEVY, ASSOCIATE JUSTICE.—I fully agree to the disposition of the appeal as to the case made in the record.

In the brief appears the following pleading written by Hon. Patrick G. Henry, county attorney, and kinsman of the illustrious statesman:

> We plead for the old roadway,
>     That runneth through the wood
> We plead for the old roadway,
>     That for generations stood,
> Upon ground broad and rolling;
>     Within the forest shade,
> That runneth now, and yet should run,
>     When we are lowly laid.
>
> New people came, the old ones fell;
>     And time hastily flew;
> All were friends to the old roadway,
>     While stronger yet it grew,
> The infant that saw it first,
>     Has feeble grown and gray;
> But the old roadway, an aged way,
>     Grew more public every day.

For answer to this entreaty that this court do decree that this "old roadway that runneth through the wood yet should run when we are lowly laid:"

> Stern and calm in their primal strength,
> As when they came from the hands of God,
> The great forests bend and sway in the wind,
> Their roadways yet by man untrod.
> Deep in their bosom the laws of life,
> Of death and birth, content and fear,

Go on for thousands of beast and bird;
A space they breathe and disappear.
But the seasons pass, as night and day,
And the forest roads unchanging stand
And hide their dens of primal life—
They are not slaves of the need of Man.

But the years unearthed both strength and wealth
When the silent forest heart they smote,
And the smokes of a hundred factories rise
Where shining mists erstwhile did float.
Creatures of steel run the path of the deer,
And teeming piles of brick and stone
Raise a myriad of eyes to the busy throng,
Where the free wild bird in peace has flown.
The thousand-handed gnome of Use
Has touched the old road with his wand;
It bows and dies at the beck of Growth—
Man needs and the earth must needs respond.

*Affirmed.*