GULF, C. & S. F. RY. CO. v. BLUITT. (No. 7594.)

(Court of Civil Appeals of Texas. Galveston. May 31, 1918. Rehearing Denied June 20, 1918.)

1. HIGHWAYS ⊂⇒4 — DESCRIPTIVE RIGHTS — RAILROAD RIGHT OF WAY.

An easement for a public road may be acquired on a portion of a railroad right of way by prescription.

2. HIGHWAYS ⊂⇒17—PRESCRIPTIVE RIGHTS— RAILROAD RIGHT OF WAY—EVIDENCE.

Evidence held to show the acquisition of prescriptive right of way for public road in railroad right of way.

3. APPEAL AND ERROR ⊂⇒854(2) — REVIEW — GROUNDS OF DECISION.

Where plaintiff sought to establish public road on portion of railroad right of way on theory of prescription, and to establish a further right in himself by claiming a way of necessity, the court on appeal will not revise a judgment in his favor, though it erroneously found that he was entitled to a way of necessity, where the public right of way by prescription was established.

Appeal from District Court, Burleson County; R. J. Alexander, Judge.

Action by S. B. Bluitt against the Gulf, Colorado & Santa Fé Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Terry, Cavin & Mills, of Galveston, Bowers & Bowers, of Caldwell, and Jno. G. Gregg, of Galveston, for appellant. W. M. Hilliard and A. B. Gerland, both of Caldwell, for appellee.

LANE, J. This suit was filed by the appellee, Bluitt, against the appellant, Gulf, Colo-

rado & Santa Fé Railway Company, alleging that he was the owner of a tract of land on which was located his home; that his tract of land was bounded on its east side by the right of way of the appellant; that northeast and southwest of his land, although some distance away from his land, were two public roads, one the Caldwell-Brenham road and the other the Caldwell-Deanville road; that for 20 years or longer the right of way of the appellant company had been used by the public in general in going from one public road to the other, and by the appellee in going from his home to these public roads, so that he might reach the business part of the town of Caldwell. The appellee alleged that this use had been continuous, open, uninterrupted, and adverse, and that it had become a road by prescription, and that the appellee was entitled to have the same kept open. He also alleged that his land was entirely surrounded by the lands of others, and that he was entitled to a way along the right of way of the appellant as a way of necessity. The defendant answered by general demurrer, special exceptions and general denial, and the case was tried before the court without a jury. The court found that a way along appellant's right of way had been used by the public generally, and by the appellee, for more than 18 years; that it had become a way by prescription. The court further found that there was no way of egress for the appellee from his land, and that he was therefore entitled to a way of necessity over the right of way of the appellant, and that the appellee was entitled to have a road left open for a width of 20 feet, granting him a writ of mandatory injunction to keep the said road open and a judgment for damages in his favor in the sum of $50. From this judgment the Gulf, Colorado & Santa Fé Railway Company has appealed.

Appellant's contentions are: First, that no part of the right of way of a railway company can ever become a public highway by prescription; that where, as in this case, land is held by a railway company for its right of way and used as such, it is devoted to a public use, and therefore cannot be taken for or lost by limitation for another public use; second, that the evidence as a whole shows that the use of said right of way by appellee and the public generally for 20 years or more as a passageway was nothing more than a permissive use of uninclosed land, and therefore such evidence is insufficient to form a basis of a right by prescription; third, that the court erred in rendering judgment requiring the defendant to open up a road 20 feet in width, because there was nothing to show that a width of 20 feet was necessary, or that a width of 12 feet would not have been sufficient as a way of necessity, and also because there was no evidence to show that the portion of defendant's right of way which had been used by the public as a passageway was 20 feet in width, and nothing to show that the zone was more than 12 feet in width.

[1] We do not think the court erred in holding that a portion of a right of way of a railway company might become a public highway by prescription. In the case of G. H. & S. A. Ry. Co. v. Baudat, 21 Tex. Civ. App. at page 241, 51 S. W. 541, at page 543, it is said:

"There is nothing in the contention that the easement for the road could not be acquired over the appellant's right of way, which is of itself only an easement. * * * The right of the public by prescription has certainly matured."

It is further held in that case that the acquiescence in the use of, and recognition of, the road by the appellant railway company was conclusive against it as to the rights of the public.

[2] Nor do we think the trial court erred in finding that the evidence was sufficient to justify a judgment supporting appellee's contention that the road had become a public highway by prescription and in rendering judgment for appellee upon such finding.

The evidence shows that the road, as traveled, was along appellant's right of way; bounded on the west by a fence or fences inclosing the properties of appellee and others and on the east by telegraph poles and other obstructions, and that its width was 20 to 30 feet. Many witnesses testified that said road had been an open road for 20 to 25 years, and that it had during all these years been constantly traveled by the general public until appellant railway company closed it in 1910. There was also evidence to show that, while neither the county nor city authorities had ever taken charge of said road and caused it to be worked, those living along it or near it had repaired and kept it in repair for many years. We think there was sufficient evidence to support the finding of the court that said road had become a public passageway by prescription. Hall v. City of Austin, 20 Tex. Civ. App. 59, 48 S. W. 53; G., H. & S. A. Ry. Co. v. Baudat, 21 Tex. Civ. App. 236, 51 S. W. 541; Evans v. Scott, 37 Tex. Civ. App. 373, 83 S. W. 874; City of Ft. Worth v. Citti, 38 Tex. Civ. App. 117, 85 S. W. 826.

Neither are we prepared to say that the trial court erred in finding from the evidence that the road in question, as used by the public as a passageway, was 20 feet in width. We think there was ample evidence to support such finding.

[3] We think, however, that the trial court erred in its conclusion that appellee is entitled to a way of necessity over the right of way of the appellant railway company. Such conclusion is not supported by the evidence. But, as the judgment rendered can be supported by the finding that the road was a public highway by prescription, we will not revise such judgment on account of said erroneous conclusion.

What has been said disposes of all the questions presented by appellant. The judgment of the trial court is affirmed.

Affirmed.