## SYCAMORE LAND CO. v. ROGERS et al.
### (No. 2762.)  ·

(Court of Civil Appeals of Texas. Texarkana. June 14, 1923. Rehearing Denied June 28, 1923.)

1. **Dedication** ⬦⟞16(1)—**Unequivocal setting apart for public use must be shown to establish dedication.**

To establish a dedication of property to the public, an unequivocal setting apart to public use must be shown.

2. **Dedication**·⬦⟞44—**Evidence held insufficient to dedicate property for park purposes.**

Evidence of the platting of a particular district, and sale of lots therein, some of them on representations that a certain block would be reserved and dedicated to the public for park purposes, the slight improvement and use of the block as a park by the public, *held* insufficient to establish a dedication thereof.

Appeal from District Court, Tarrant County; Bruce Young, Judge.

Action by the Sycamore Land Company against W. H. Rogers and others. Judgment for defendants, and plaintiff appeals. Reversed and rendered.

J. A. Templeton, of Fort Worth, for appellant.

McLean, Scott & McLean, of Fort Worth, for appellees.

HODGES, J.   The appellant is a private corporation, and owns a tract of land adjoining the city of Fort Worth, known as "Sycamore Heights." Some years ago that tract was laid off and plotted into blocks and lots, with the usual streets and alleys. The plot was recorded in the office of the county clerk of Tarrant county, and thereafter lots were sold according to the numbers shown in the record. Among the subdivisions is one called "block 48," a triangular piece of ground containing three lots, numbered 1, 2, and 3 on the recorded plot. A number of lots in the vicinity of block 48 were sold by the appellant, through agents, to different people, including some of the parties to this suit. No part of block 48 appears to have been offered for sale at that time, and the impression became general in the neighborhood that this block had been dedicated as a public park. The evidence shows that it was used by the people of that neighborhood for gatherings and church festivals. In 1918 a controversy arose between the appellant's general agent in charge of the property and some of the residents who owned lots in that addition as to whether or not block 48 had been dedicated as a park. Appellant's agent, who was its general representative in Fort Worth, insisted that block 48 was appellant's pri-

vate property, and that it had not been dedicated to public use, while the residents claimed to the contrary. In June, 1918, the appellant filed this suit against W. H. Rogers and a number of other citizens of that community, alleging its ownership of the property, and complaining of certain adverse claims set up by the defendants, and of trespasses which it claimed interfered with its free use and enjoyment of the property. In the prayer for relief it sought an injunction restraining the defendants from further trespassing upon its land. Defendants answered, alleging, among other things, that the property had been dedicated as a public park; that many of those who purchased lots in that addition did so relying upon the representations of appellant's selling agents that block 48 would not be sold, but would be kept open as a park for the benefit of the community. · They also alleged that they had used the property as a neighborhood park for many years, with the knowledge and consent of the appellant, and without any objection on its part.

The case was tried before the court, and he found, in substance, as follows: That the appellant · owned the land, had divided it into blocks and lots, and caused a plot to be made and placed of record; that the selling agents of the appellant had sold lots to different people, and had told them that block 48 was a public park; that purchases were made by different parties relying on those representations; that the people in the vicinity had planted shrubs and otherwise beautified the place, and had used it on various occasions as a public resort. He further found that it would impair the value of some of the lots in that addition, which had been purchased upon the faith of the representations of the appellant's agents, if the block was not permitted to remain open as a park. . He entered a judgment in favor of the defendants. That judgment is assailed· principally upon the ground that it is unsupported by the evidence.

[1] It is conceded that the appellant owns the fee in the land, and the testimony makes it plain that no formal dedication had ever taken place. The record of the plot tends to show the contrary of a dedication. In order· to establish a dedication, the testimony must be such as to show an unequivocal setting apart of the property to some form of public use. Ramthun v. Halfman, 58 Tex. 551; City of Atlanta v. Railway Co., 56 Tex. Civ. App. 226, 120 S. W. 923; Clements v. City of· Paris (Tex. Civ. App.) 154 S. W. 624; Worthington v. Wade, 82 Tex. 29, 17 S. W. 520. The only evidence of a dedication of this property as a park is found in the testimony of some purchasers, who stated that the agent from whom they bought told them that block 48 had been reserved as a park. The,

evidence also shows that parties who purchased were shown a copy of the plot, which indicated the subdivision of block 48 into lots for sale just as the other property was subdivided. Testimony offered by the appellant was to the effect that block 48 had never been designed as a park; no dedication had ever been made, nor was any intended; that the selling agents who represented that it was a park had no authority to make such representation; and that the property had been on the market in the same manner as other parts of the addition.

The court finds that the property of those who purchased will be materially damaged in value if block 48 should be discontinued as a park. There is no evidence to support that conclusion. While some of the witnesses testified that they would not have purchased, but for the presence and prospective perpetuation of the park, none of them testified that the discontinuance of the park would entail any financial loss in the way of diminishing the value of their property.

[2] We are of the opinion that the evidence was not sufficient to sustain the finding for the defendants, and the judgment will therefore be reversed, and judgment here rendered in favor of the appellant.