KAHN et al. v. BAUCH et al.    (No. 2501.)*

(Court of Civil Appeals of Texas. Amarillo.
May 30, 1925. Rehearing Denied
June 24, 1925.)

1. **Appeal and error** ⟳722(1)—**Assignments of error on motion for new trial sufficient assignments of error on appeal.**

Where appellants filed a motion for a new trial, an appeal will not be dismissed for failure to file assignments of error, as required by Vernon's Sayles' Ann. Civ. St. 1914, art. 2113, in view of Vernon's Sayles' Ann. Civ. St. 1914. art. 1612, providing that assignments on motion for new trial shall constitute assignments of error on appeal.

2. **Dedication** ⟳44—**Testimony must show unequivocal setting apart of property to some form of public use.**

To establish a dedication, testimony must show an unequivocal setting apart of property to some form of public use.

3. **Dedication** ⟳20(5)—**Leaving alley open does not constitute dedication unless used by public inconsistently with private ownership.**

Leaving an alley open did not constitute a dedication, unless it was left open for the public and its use inconsistent with private ownership, and, where the alleged alley was also used by the owner, the use by the public must have been at least hostile and adverse to any use by the owner inconsistent with its employment as an alley.

4. **Dedication** ⟳45—**Evidence held not to authorize instruction of verdict in suit to enjoin obstruction of alley.**

In a suit to enjoin the obstruction of an alleyway, on the ground that the alley was dedicated to the public use, evidence *held* to disclose such a conflict that trial court was not authorized in peremptorily instructing verdict for either party.

Error from District Court, Wichita County; P. A. Martin, Judge.

Suit by K. E. Bauch and others against Mrs. Minnie Kahn and others, to enjoin the obstruction of an alley. Judgment for plaintiffs, and defendants bring error. Reversed and remanded.

Bullington, Boone & Humphrey and Jno. B. King, all of Wichita Falls, for appellants.

Taylor, Muse & Taylor, of Wichita Falls, for appellees.

JACKSON, J. This is an injunction suit, instituted in the district court of Wichita county by defendants in error, K. E. Bauch, D. M. Hardy, J. M. Cloud, Saul Lebenson, and the city of Wichita Falls, against plaintiffs in error, Mrs. Minnie Kahn, individually and as administratrix of the estate of Alex Kahn, deceased, Mrs. Blanche Kahn Hammond and her husband, Wayne H. Hammond, Misses Thelma and Ruth Hammond and Donald Hammond.

The defendants in error, on their application, secured a temporary injunction on an ex parte hearing December 24, 1923. At the final hearing the city of Wichita Falls withdrew from the suit and asserted no rights therein. On February 24, 1924, the other defendants in error secured a judgment perpetuating the temporary injunction theretofore granted, enjoining the plaintiffs in error from completing a building commenced by them across an alleged alley in block 152 of the Jalonick subdivision of the town of Wichita Falls, Tex., and from closing and obstructing said alley.

The defendants in error, hereinafter called appellees, alleged, as grounds for an injunction, that the alleyway had been a long time prior thereto dedicated expressly or by implication to the city of Wichita Falls. They also pleaded that the public in general, including themselves and plaintiffs in error, had used said alley for alley purposes for more than 10 years next preceding the institution of the suit, claiming and using it adversely to plaintiffs in error, sufficiently alleging 10 years' limitation and their right, as well as that of the public, by prescription.

The plaintiffs in error, hereinafter called appellants, answered by general demurrer, general denial, especially denied the dedication of the 10 feet for an alley, and pleaded that no title could have been acquired by appellees or the public by prescription because for the past 30 years there was no full period of 10 years in which the property did not belong to persons, such as minors, who were incapable of protecting their rights.

The cause was tried to a jury, but at the close of the evidence the court gave a peremptory instruction in favor of appellees, and judgment was rendered against appellants, permanently enjoining them from completing the building and closing said alley, and requiring them to remove the obstruction therefrom, and dismissing the city of Wichita Falls, allowing it to recover costs against appellees.

Appellants' assignments of error may be combined into two propositions: First, that the court committed error in failing and refusing to give a peremptory instruction in their favor; second, if appellants were not entitled to a directed verdict, the pleading and evidence presented issues of fact to be determined by the jury, and the court erred in peremptorily instructing the jury to find against them. These two propositions are so nearly related that we will consider them together.

[1] Appellees' motion to dismiss the appeal because appellants did not file assignments of error, as required by article 2113 of Vernon's Sayles' Ann. Civ. St. 1914, cannot be sustained. Appellants filed a motion for a new trial, which the court overruled, and under

⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction November 11, 1925.

article 1612 of Vernon's Sayles' Ann. Civ. St. 1914—

"the appellant or plaintiff in error shall in all cases file with the clerk of the court below all assignments of error, * * * provided, that where a motion for a new trial has been filed that the assignments therein shall constitute the assignments of error and need not be repeated by refiling of the assignments of error."

The original plat of block 152 shows Sixth street on the north, Seventh street on the south, Ohio avenue on the east, and Indiana avenue on the west. Said block was divided into 14 lots 50x150 feet, with lots 1 to 7 facing east on Ohio avenue, and lots 8 to 14 facing west on Indiana avenue. Between Ohio and Indiana avenues, through the center of the block, is an alley running north and south. Lot 8 is the southwest corner of the block, and extends 150 feet along Seventh street, and fronts 50 feet west on Indiana avenue. Lot 9 adjoins lot 8 on the north and faces 50 feet west on said Indiana avenue. Lots 8 and 9 were thereafter subdivided into 6 lots, each fronting 25 feet south on Seventh street, being numbered from 1 to 6 consecutively. Lot 1 being adjacent to the alley running through the block, and lot 6 being the west 25x100 feet of lots and 8 and 9, according to the original plat. No plat of this subdivision was ever made, and recorded, but the owner conveyed lots 1, 2, and 5 of this subdivision as 25 feet wide by 90 feet deep, and in the deeds to lots 1 and 5, reserved 10 feet at the north end for alley purposes for the use of the owners of the block. The record is indefinite as to lot 3, but lots 4 and 6 were conveyed as 25x100 feet, without reservation.

The appellants owned lot 6 and had begun the erection of an addition to the rear of the building on their lot and closed the alleged alley, which is the north 10 feet of lot 9 extending from the alley through the center of the block north and south to Indiana avenue on the west.

Alex Kahn purchased the 25x100 feet known as lot 6 in 1907, and he and the appellants have owned and paid taxes thereon since its acquisition. He died in 1914, leaving four minor children. Before his death in that year, by some agreement with the city of Wichita Falls, a sanitary sewer was built by the city in the alleged alley, but the erection of the building by appellants did not interfere with the sewer.

The evidence is not conclusive as to whether the contract with the city was for the use of this 10 feet of ground for alley purposes, or for the privilege of laying a sewer only, but the testimony tends to show that the use of the ground for whatever purpose was by the permission of the owners of lots 1 to 6, and the period of time for which the permission was given is very indefinite.

The original buildings on these lots were estimated to be 70 to 75 feet in length, leaving a vacant space 25 to 30 feet wide in the rear thereof, and the public, together with the owners, had the use of this open space, as a passageway from about the year 1885, but the buildings had been extended at different times by the different owners until this open space, except approximately 10 feet, had been occupied.

The testimony shows that Alex Kahn was affirmatively asserting ownership to the north 10 feet of his lot up to the year 1914, and stating that at some time he intended to build thereon. The testimony of appellants discloses that the right to the alley was so uncertain in 1914 that the city refused to put in the sewer without the permission of the lot owners; those to whom 25x100 feet had been conveyed asserting ownership, and those to whom 25x90 feet had been deeded claiming an alley.

The testimony is not conclusive as to whether the use of the space for traffic was permissive and permiscuous, or was hostile and adverse to the owners; neither does it show with certainty by whom nor when paving was constructed, and there is no contention that the alley was established by the municipal authorities.

We consider the foregoing statement from the record sufficient for a disposition of the case.

[2] In Sycamore Land Co. v. Rogers et al. (Tex. Civ. App.) 254 S. W. 212, Associate Justice Hodges says:

"In order to establish a dedication, the testimony must be such as to show an unequivocal setting apart of the property to some form of public use. Ramthun v. Halfman, 58 Tex. 551; City of Atlanta v. Railway Co., 56 Tex. Civ. App. 226, 120 S. W. 923; Clements v. City of Paris (Tex. Civ. App.) 154 S. W. 624; Worthington v. Wade, 82 Tex. 29, 17 S. W. 520."

This principle is so well recognized and established that further citation of authorities is unnecessary.

[3] Leaving the alley open would not constitute a dedication, unless it was left open for the public and its use, inconsistent with private ownership (Davis v. Young [Tex. Civ. App.] 148 S. W. 1116), and, where the alleged alley was also used by the owner, the use by the public must have been at least hostile and adverse to any use by the owner inconsistent with its employment as an alley (St. Louis & S. F. Ry. Co. v. Cartwright [Tex. Civ. App.] 151 S. W. 630).

In the case of Tolbert et al. v. McClellan (Tex. Civ. App.) 241 S. W. 206, Chief Justice Wilson quotes with approval, 37 Cyc. 25, which reads:

"Mere uses of another's land by the public as for a highway is insufficient of itself to establish a highway by prescription. The user must be adverse and hostile to the rights of the owner, and under color or claim of right so

to use land. A user by license or permission of the owner of the land sought to be impressed with a public easement of travel is not adverse, and affords no basis for prescription, where the owner does not consent to the user of his land by the public as of right. In order to create a highway over lands by prescription the public user must be exclusive; that is, it must be such as to show, a claim of right to use the land as a highway to the exclusion of any individual right of the owner inconsistent therewith."

[4] Without commenting upon the testimony, it is our opinion that the record discloses such a conflict in the evidence that the court would not have been authorized in peremptorily instructing a verdict for the appellants, and committed error in directing a verdict for appellees.

The judgment is reversed, and the cause remanded.