**BAUCH et al. v. KAHN et al.   (No. 2788.)**

Court of Civil Appeals of Texas. Amarillo. March 9, 1927.

Rehearing Denied April 6, 1927.

1. Easements ⊚⟞61(9½)—Findings that use of alleyway was by permission and also adverse and hostile held in conflict and insufficient to support judgment.

Finding of jury that use of alleyway by public was by permission of owners, on one issue, and in response to other issues that use was adverse, hostile, and in conflict with ownership, *held* in positive conflict and insufficient to authorize judgment thereon.

2. Easements ⊚⟞8(2, 3)—Permissive use of alleyway will not ripen into right.

Permissive use of alleyway across lot will not ripen into a right, however long it may have continued.

3. Easements ⊚⟞8(1)—Right of easement may be acquired by prescription if adverse and hostile.

A right of easement over a strip of land for alley purposes may be acquired by prescription if adverse and hostile to owner.

Appeal from District Court, Wichita County; H. R. Wilson, Judge.

Suit by K. E. Bauch and others against Mrs. Minnie Kahn, individually and as administratrix of the estate of Alex Kahn, deceased, and others. Judgment for defendants, and plaintiffs appeal. Reversed and remanded.

Taylor, Muse & Taylor and W. E. George, all of Wichita Falls, for appellants.

Bullington, Boone, Humphrey & King, of Wichita Falls, for appellees.

JACKSON, J.   K. E. Bauch, D. M. Hardy, J. M. Cloud, and Saul Lebenson, appellants, instituted this suit in the district court of Wichita county, Tex., seeking an injunction against the appellees, Mrs. Minnie Kahn, individually and as administratrix of the estate of Alex Kahn, deceased, Mrs. Hammon and her husband, W. H. Hammon, and Thelma, Ruth, and Donnald Kahn. On December 24, 1923, on an ex parte hearing, the appellants secured a temporary restraining order. On February 24, 1924, on a final hearing before the trial court, the judgment perpetuating the temporary restraining order theretofore granted was made permanent and appellees enjoined from completing a building commenced by them across an alleged alleyway in the city of Wichita Falls, Tex. The trial court directed a verdict against the appellees, from which they appealed, and the judgment was reversed and remanded. Kahn v. Bauch (Tex. Civ. App.) 275 S. W. 173.

On January 22, 1926, the case was again tried in the lower court, which resulted in a judgment giving the appellees title and possession to the land comprising the alleyway and denying appellants relief, from which judgment this appeal is prosecuted.

The appellants pleaded that the alleged alleyway had been dedicated expressly or by implication to the city of Wichita Falls, and also that the public, together with themselves, had used the alleged alleyway for a period of more than ten years next preceding the institution of the suit, sufficiently alleging the acquisition of an easement by prescription.

The appellees answered by general demurrer, general denial, specially denied that the strip of land had been dedicated or that any prescriptive title had been acquired because there had not been for the past 30 years a full period of ten years that the property did not belong to persons, such as minors, incapable of protecting their rights. The pleadings on the second trial are substantially the same as on the first trial, and the testimony, with the additions thereto, present the same issues as were revealed in the record of the former appeal, and reference is here made to Kahn v. Bauch, supra, for a more detailed statement of the issues presented by the pleadings and the evidence. The pleadings and testimony disclosed that appellants relied on dedication and prescription to establish their right of easement, both of which issues were controverted by the pleadings and testimony of the appellees.

⊚⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] In response to issue No. 1 submitted by the court, the jury found that the use of the alleyway by the public was by permission of the owners, and, in response to issues Nos. 2 and 3, that the use of the alleyway by the public was adverse, hostile, contrary to and in conflict with the ownership of the alleyway to such an extent that the owners had no right to stop the use of the strip of land by the public, and, in response to issue No. 6, that there had been no dedication of the strip of land for alley purposes by the owners.

[2] Appellants present as error the action of the trial court in rendering judgment against them because the findings of the jury on special issues Nos. 1, 2 and 3, were material, were in conflict, and were irreconcilable. The finding of the jury that the use of the strip of land was by permission, and the finding that the use of the land was adverse and hostile to the owners, in legal contemplation are in positive conflict. The permissive use of the alleyway across appellees' lot did not ripen into a right however long it may have continued.   Ladies Benevolent Society v. Magnolia Cem. Co. (Tex. Com. App.) 288 S. W. 812; Tolbert v. McClellan (Tex. Civ. App.) 241 S. W. 206; Nave v. City of Clarendon (Tex. Civ. App.) 216 S. W. 1110; Williams v. Kuykendall (Tex. Civ. App.) 151 S. W. 629; F. W. & D. C. R. Co. v. Ayers (Tex. Civ. App.) 149 S. W. 1068.

[3] A right of easement over a strip of land for alley purposes could be acquired by appellants by prescription if adverse and hostile to the owner (G., C. & S. F. R. Co. v. Bluitt, [Tex. Civ. App.] 204 S. W. 441; Ballard v. Bowie County, 59 Tex. Civ. App. 438, 126 S. W. 56), but "in order to create a highway over lands by prescription the public user must be exclusive; that is, it must be such as to show a claim of right to use the land as a highway to the exclusion of any individual right of the owner inconsistent therewith" (Tolbert v. McClellan, supra).

In our opinion, these findings of the jury are in hopeless conflict and irreconcilable, and the court erred in rendering judgment thereon. Waller v. Liles, 96 Tex. 21, 70 S. W. 17; Massie v. Hutchenson (Tex. Com. App.) 270 S. W. 544; Williams v. Zang (Tex. Com. App.) 279 S. W. 815; Swearingen v. Swearingen (Tex. Civ. App.) 193 S. W. 442; Four Brotherhood Oil Co. v. Kelley (Tex. Civ. App.) 235 S. W. 604.

In addition to the above issues, the court submitted issue No. 4, "If you should answer issue No. 1 'no' and issues Nos. 2 and 3 'yes,' then answer whether or not such use continued for a period of ten consecutive years prior to the filing of this suit?" and issue No. 5, "If you have answered No. 4, 'yes,' now state what period of consecutive years, if any, this use existed. Answer by stating the beginning and ending dates." The jury answered issue No. 4 in the affirmative, and issue No. 5, from "1890 to 1914."

It will be observed that, instead of answering issue No. 1 'no,' that it was answered in the affirmative to the effect that the use by the public was permissive, and issues Nos. 2 and 3 that it was adverse and hostile; hence, from the answers of the jury to issues Nos. 4 and 5, that the use of the public was consecutive from 1890 to 1914, we are unable to determine whether the use of the alleyway for said period of time was by permission or adverse and hostile to the owners. If permissive, appellants acquire no easement; if adverse and hostile for that period of time, they did acquire a right of easement, provided no disability of the owners existed that would defeat prescription.

Under the condition of this record, it is our opinion that neither appellants nor appellees were, under the findings of the jury, entitled to a judgment.

The judgment is reversed and the cause remanded.