## WILLIAMS v. KUYKENDALL.

(Court of Civil Appeals of Texas. Austin. Nov. 20, 1912.)

1. EASEMENTS (§ 1*)—WAYS—MANNER OF ACQUISITION.

An easement of way can only be acquired by express grant or by implied grant as a way of necessity or by prescription or limitation.

[Ed. Note.—For other cases, see Easements, Cent. Dig. §§ 1, 2, 5–7; Dec. Dig. § 1.*]

2. EASEMENTS (§ 36*)—WAYS—ESTABLISHMENT—BURDEN OF PROOF.

One claiming an easement of way without any express grant must establish all of the necessary facts by which the right may be presumed, such as peaceable possession, exclusive, continued, and adverse to the owner, and a failure of proof of any of such facts is fatal to his rights.

[Ed. Note.—For other cases, see Easements, Cent. Dig. §§ 77, 78, 88–93; Dec. Dig. § 36.*]

3. EASEMENTS (§ 18*)—WAYS—WAYS OF NECESSITY.

A way of necessity arises where a grantor conveys land not having any outlet save over the remaining land of the grantor, and, where land may be reached by roadways, there can be no way of necessity, since there can be no way of necessity unless there is an absolute necessity without which the party claiming it would be wholly deprived of the use of his land.

[Ed. Note.—For other cases, see Easements, Cent. Dig. §§ 50–55; Dec. Dig. § 18.*]

4. EASEMENTS (§ 8*)—WAYS—PRESCRIPTION.

To establish a way by prescription, there must be an adverse user of the same against the owner, and, where the way is also used by the owner, no such adverse possession exists, nor does it exist where the way is merely used by permission, or where it is used over uninclosed and unimproved lands.

[Ed. Note.—For other cases, see Easements, Cent. Dig. §§ 23, 24, 27–33; Dec. Dig. § 8.*]

Appeal from District Court, Hays County; Frank S. Roberts, Judge.

Action by W. M. Kuykendall against H. G. Williams. From a judgment for plaintiff, defendant appeals. Reversed and rendered.

K. E. McKie, of San Marcos, for appellant. Thos. J. Saunders, of San Marcos, for appellee.

RICE, J. Appellant and appellee owned adjoining tracts of land; appellant's tract abutting upon the public road leading from Kyle to Dripping Springs, and situated between said road and appellee's tract. Appellee brought this suit on the 11th day of January, 1912, for a mandatory injunction, requiring appellant to unlock and leave open a certain gate opening into said public road from his inclosure, alleging that there was, and had been for 30 years prior thereto, a roadway leading from said public road through said gateway over and through appellant's pasture to the stockpens upon his own tract of land. After plea in abatement, setting up the fact that prior to the filing of this suit he had sold the land to C. C. Waller, whom he claimed was a necessary party to said suit, appellant filed a general denial and special answer denying the matters set up in appellee's petition. A temporary writ of injunction was granted which, upon final trial before the court without a jury, was perpetuated, requiring appellant to unlock and keep open the gate leading from his pasture into said public road, and establishing said passway according to appellee's contention, from which judgment appellant has prosecuted this appeal, and has assigned many reasons for a reversal of the judgment, some of which present interesting questions; but, in the view we have taken of this case, we think it is only necessary to discuss the several assignments complaining of the insufficiency of the evidence to support the judgment. Appellee does not contend, nor does the evidence sustain the theory, that the passway in question was ever a public road; but his insistence is to the effect that it is either a way by necessity or by prescription.

[1] The authorities hold that such an easement can only be acquired by a grant in one of three ways: First, by express grant, as by a deed; second, by implied grant, as a way of necessity; and, third, by prescription or limitation, which presumes a grant. See volume 10, Am. & Eng. Ency. Law, p. 409; Cyc. vol. 14, pp. 1145–1166.

[2] It is also held in Texas Western Railway v. Wilson, 83 Tex. 156, 18 S. W. 325, that the burden of proof is upon the party claiming the easement, without any direct or express grant, to establish all of the necessary facts by which the right may be presumed in his favor, such as peaceable possession, exclusive, continued, and adverse to the owner of the land. A failure in proof of any of such facts is fatal to the right asserted. See, also, Cyc. vol. 14, p. 1196. In the present case there is no express grant claimed.

[3] A way of necessity arises where one party has granted land to another not having any outlet save over the land of the grantor, in which the grantor, by implication, grants a right of way. Sassman v. Collins, 53 Tex. Civ. App. 71, 115 S. W. 337. In the case at bar the roadway in question is not one of necessity for the reason that the

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

evidence shows that there are two other roadways by which appellee can reach the same public road. It is true that said routes are shown to be more difficult, and one of them farther, than the one in dispute. In Hall v. City of Austin, 20 Tex. Civ. App. 59, 48 S. W. 55, and Alley v. Carleton, 29 Tex. 74, 94 Am. Dec. 260, it is held that a way of necessity must be more than a way of convenience, but must be an absolute necessity, without which the party claiming it would be wholly deprived of the use of his land; and that it is not sufficient in establishing a way of necessity to simply show that it would be expensive to obtain another outlet. Besides, in the present case it appears that appellee did not purchase his land from appellant, but from one Rogers, through whose land there is a passway to the public road.

[4] With reference to the claim by prescription, it is shown from the evidence that appellant purchased his tract of land in 1875, and that appellee purchased his from Rogers about eight years prior to the institution of this suit. It seems that for some time prior to appellant's purchase, and before the lands in question were inclosed, there was a dim roadway leading from a point somewhere in appellee's pasture, near his stockpens, across both of said tracts of land into the public road at said gateway, which had been occasionally traveled; but it is shown, however, that appellant inclosed his lands about 25 years prior to the institution of this suit, placing for his own convenience a gate at a point where this old roadway intersected the public road, and that, passing after that time through his inclosure by way of said roadway, was permissive only. Appellee himself testified that the gate was only left unlocked at this point for about six months after his purchase, but, from that time up until the filing of suit, it had been kept locked and the passage closed except for a short time when he and his tenant Blocker enjoyed the privilege of a key, furnished him by appellant. In order to establish a roadway by prescription, there must be an adverse user of same against the owner of the land, without which no such right can be established. Where the way is also used by the owner, no such adverse possession exists; nor does it exist where the roadway is merely used by permission of the owner. See Cunningham v. San Saba County, 1 Tex. Civ. App. 480, 20 S. W. 941; Worthington v. Wade, 82 Tex. 26, 17 S. W. 520; Sassman v. Collins, supra. Prior to the fencing of the land by appellant, no right of way was acquired as against him, because, under the law of this state, merely traveling over uninclosed and unimproved lands is not the adverse holding such as contemplated by law. See Cunningham v. San Saba County and Worthington v. Wade, supra.

We think the evidence in this case wholly fails to establish appellee's contention in either respect; and, it appearing that the case has been fully developed, it becomes our duty to render such judgment as should have been rendered by the court below, which is to reverse and render the judgment in favor of appellant, and it is accordingly so ordered.

Reversed and rendered.