**WELDON et ux. v. QUAITE et al.**

No. 2529.

Court of Civil Appeals of Texas. Waco.

Oct. 14, 1943.

Rehearing Denied Dec. 9, 1943.

J. L. Gammon and G. Goodwin Sweatt, both of Waxahachie, for appellants.

J. C. Lumpkins and Lynn B. Griffith, both of Waxahachie, for appellees.

RICE, Chief Justice.

This suit was instituted by Mrs. Lillian Quaite, a widow, and another, against F. O. Weldon and wife for the purpose of establishing a right-of-way, by prescription, over the land of defendants lying between land owned by Mrs. Quaite and Brown Street in the City of Waxahachie, Texas. From a judgment rendered in plaintiffs' favor, on the findings of the jury, defendants have appealed.

The jury found: (1) That plaintiffs and their predecessors in title had held peaceable and adverse possession of the roadway in question, across defendants' property, using and enjoying the same continuously for a period of ten consecutive years prior to the date of the filing of this suit; (2) that the roadway in question had a well-defined course during the whole of the ten year period; (3) that the field notes introduced in evidence by plaintiffs correctly described the roadway as it existed on the ground during said ten year period; (4) that the defendants, or their predecessors in title, dedicated said roadway to the use of the public prior to the filing of this suit; and (5) that such a dedication was to the same land and premises described in the fieldnotes introduced in evidence by the plaintiffs.

Defendants assign error to the action of the trial court in overruling their motion for an instructed verdict and in rendering judgment for plaintiffs on the findings of the jury, because, they say, the undisputed evidence failed to disclose either adverse uses of or adverse claim to the right-of-way in question.

It is the duty of the trial court to submit in his charge to the jury for its determination all ultimate controlling issues of fact raised by the pleadings and tendered by the evidence. Such issues may be tendered by direct evidence or by proof of sufficient facts and circumstances to form the basis for a legal conclusion with respect thereto. It is only when there is no evidence, direct or circumstantial, tendering issues essential to a recovery, or when the evidence relating to one or more of the controlling issues raised by the pleadings is undisputed and is such that reasonable minds may not differ in the conclusions to be drawn from the evidence in respect thereto, that the court is

authorized to withdraw a case from the jury or to direct a verdict. In passing upon the sufficiency of the evidence to tender issues raised by the pleadings, it is the duty of an appellate court to view the evidence, and all reasonable inferences that may be drawn therefrom, in the most favorable light from the standpoint of the prevailing party.

■ Bearing in mind the foregoing rules of law, we have carefully reviewed the evidence adduced at the trial, and have reached the conclusion that the trial court did not err in overruling defendants' motion for an instructed verdict or in rendering judgment for the plaintiffs.

Defendants acquired title to Block 15 out of Columbia Place Addition and to a part of Block 272, in the City of Waxahachie, Texas, by deed executed by D. H. Gross and wife and dated May 28, 1937. Defendants' immediate grantor had acquired title to said property in 1919 and he and his family lived on the property from the date of the acquisition of title to the date of the deed to the defendants in 1937. The strip of land in controversy traverses that part of Block 272 described in the deed to defendants and likewise in the deed to defendants' immediate grantor. Defendants' property abuts on Brown Street, and is contiguous to the land of Mrs. Quaite, and is between the latter's land and Brown Street. Mrs. Quaite and her now deceased husband acquired title to their farm in 1919, and at and prior to the date of their acquisition of title thereto the roadway in question traversed, as it now traverses, that part of Block 272 now owned by defendants. From the date of the purchase of their farm until it was fenced by defendants in 1942, the Quaites and their tenants used the road in controversy as a means of ingress and egress to their farm. In 1919, when Gross, defendants' immediate grantor, acquired title to the land now owned by defendants, said roadway existed as it now exists. Gross testified that during the nineteen years he owned and lived on this property said roadway was open and was used by the public and the Quaites without objection on his part; and that no one asked his permission to make use thereof. Prior to and during the nineteen year period of Gross' ownership, the employees of the City of Waxahachie graded the roadway in question, erected culverts, and on occasions placed gravel on a part thereof. During the time that Gross and the defendants occupied the land in question the roadway in dispute was not used by either of them as a means of ingress and egress to their homes. They had a private driveway emerging on Brown Street. However, on occasions Gross and Weldon did use the roadway in dispute, together with Mrs. Quaite and others of the public having occasion to make use thereof. In 1942, the defendants erected a fence across the disputed strip, thereby preventing Mrs. Quaite, her tenants and the public generally from traversing the same. Thereupon this suit was instituted.

■■ The right to use private property as a public thoroughfare may be acquired by prescription, but in order to do so it is necessary to show that an uninterrupted use of the way has been made by the public under an adverse claim of right for the statutory period of limitation. The use by the public must be with the actual or implied knowledge of the owner, adversely under claim or color of right, and not merely by the owner's permission. Ladies' Benevolent Society v. Magnolia Cemetery Co., Tex.Com.App., 288 S.W. 812, at page 815. The right to an easement by prescription rests on the presumption that the owner of the land has granted the easement and that the grant has been lost. City of Austin v. Hall, 93 Tex. 591, 57 S.W. 563; Porter v. Johnson, Tex.Civ.App., 151 S.W. 599; Phillips v. Texas & P. Ry. Co., Tex. Com. App., 296 S.W. 877; Boone v. City of Stephenville, Tex.Civ.App., 37 S.W.2d 842.

■ One of the essential qualities of prescription is that the use must be adverse; that is, that the use must have invaded some rights of the owner which he could have asserted by action, and must be of a character which negatives simply a permissive use or license. Hall v. Austin, 20 Tex.Civ.App. 59, 48 S.W. 53. Defendants say there is no evidence that plaintiffs, or any member of the public, ever asserted an adverse claim to the road in question, and therefore their requested peremptory instruction should have been given.

■■ The adverse claim of right may be proved by circumstantial evidence, sufficient to sustain the conclusions, and may be inferred from the circumstances of the manner of the use thereof. Hall v. Austin, supra; Texas & P. Ry. Co. v. Gaines, Tex.Civ.App., 27 S.W. 266. It is generally a question of fact to be ascertained by the

972

jury. Texas Western Ry. Co. v. Wilson, 83 Tex. 153, 18 S.W. 325; Ladies' Benevolent Society v. Magnolia Cemetery Co., supra; Boone v. City of Stephenville, supra.

While there was no evidence that plaintiffs, or any member of the public, had, by word of mouth, claimed the right to use the strip of land in question adversely to defendants and their predecessors in title, the jury had the right to infer that such use was adverse and under claim of right from the character of the use of the property and the circumstances connected with its possession. Boone v. City of Stephenville, supra; Hall v. Austin, supra.

. We have carefully considered each of the points presented by appellants and are of the opinion that none of them presents reversible error.

The judgment of the trial court is accordingly affirmed.