GILL et al. v. PRINGLE.

No. 2861.

Court of Civil Appeals of Texas. Waco.

July 14, 1949.

Rehearing Denied Dec. 1, 1949.

Taylor & Dickens, Marlin, Carter & Carter, Marlin, for appellants.

Brantley Pringle, Fort Worth, Bartlett & Bartlett, Marlin, for appellee.

LESTER, Chief Justice.

This suit was instituted by the appellants, in which they sought an injunction against the appellee to enjoin him from trespassing upon their property, and in which they alleged that he was using their roads or turn rows over their farm; that he had permitted his stock to enter upon their land; that he had entered upon same and cut timber from their land and had molested their tenants, and prayed that he be permanently enjoined from doing any and all of such acts in the future.

The appellee pleaded that he was the owner of two certain roadways, referred to as the east and west road, by prescription; and further, that he is the owner of the west road by an unrecorded instrument of conveyance dated about 1927, now lost.

The jury made the following findings: (1) That the appellee, unless restrained, would trespass and would permit his livestock to trespass upon the land of the appellants. (2) That the appellee and his predecessors in title had continuously and adversely used the east and west roads for more than ten years under a claim of right inconsistent with the use by appellants, of which appellants had notice. The court rendered judgment enjoining appellee from all trespasses sought by the appellants except it declined to enjoin appellee from using the roads in question. Appellants filed their motion for judgment, which was by the court overruled. Appellants also filed their motion for a new trial, which was in like manner overruled. Thereupon they gave notice of appeal and the case is before us for review.

The appellants are co-owners of a large tract of farm land in Falls county that was owned by their father and mother at the time of their death. G. A. Bletsch also owned a large tract of land adjoining the Gill land on the west side and sometime after his death in 1928 the land was divided among his children. The appellee J. P. Pringle is a grandson of G. A. Bletsch and is the owner of approximately 222 acres of the Bletsch estate, and being the same land that appellee's mother came into possession of in 1939 and later acquired by the appel-

lee. For many years there have existed two public roads that run by the Bletsch tract, one referred to as the north road and one on the south leading to the Perry road. Brushy Creek runs through appellee's land and about 100 acres is on one side and 122 on the other side of said creek. The appellants and their predecessors in title have maintained two roads or turn rows on their farm for several years referred to as the east and west roads, for the convenience of themselves and their tenants. These roads, since their establishment, have been continuously used by them as a way of egress and ingress and in going back and forth over the farm, and the east road was further used by the appellants in dividing the crops grown upon the farm among their tenants and in turning around when cultivating said land adjacent thereto. There is evidence that G. A. Bletsch constructed a bridge across Brushy Creek connecting the 100 and 122 acre tracts, which was used for 20 years by Bletsch and his tenants in moving their farm equipment from one tract to the other and in hauling their crops from the 100 acre tract. There is some evidence showing that G. A. Bletsch and his tenants used the east road or turn row at times in carrying their crops out but part of the time they carried them out through the fields. There is evidence that appellee's mother, who was a daughter of G. A. Bletsch, came into possession of the 222 acre tract in 1939 and used both roads frequently, but the record fails to show the length of time she was in possession of the same or for what period of time she used said roads. Mrs. Laura Johnson, a sister of appellee's mother, testified that she had control of the Bletsch estate and of the 222 acre tract in question from 1930 to 1939, and that she used both roads many times and any time that she wanted to. She also testified, over the objection of the appellants, as to some deeds having been executed by the mother of appellants in respect to the west road, but such testimony was entirely hearsay and inadmissible. Ben Dryer, a witness for the appellee and also his uncle by marriage, testified that he was a tenant on the Gill farm from 1926 to 1945; that six or seven years from the date

of the trial of this case, under the instructions of the appellants, he blocked the north terminus of the east road by putting posts in the ground.

The undisputed evidence is that both of these turn rows or roads were wholly maintained by the appellants and their predecessors in title for the convenience of themselves and their tenants in the cultivation of their land and as a way of egress and ingress, and said roads were continually used in common by them and others who visited them socially or on business. There is no evidence that the appellee or his predecessors in title ever did one thing in establishing or maintaining either of said roads, or anyone else except the appellants, their predecessors in title and their tenants. There is evidence, which is undisputed, that they were plowed over at times by appellants' tenants and some changes were made in them, while appellee produced some witnesses who testified that they had run substantially in the same general course of several years.

Appellants have raised several points. The view we have taken of the case we will discuss only the first three, which are as follows:

(1) The court should have instructed a verdict for plaintiffs because the evidence was insufficient to show that the defendant had acquired a right to use the roads by prescription, the evidence showing that the defendant's use of the road was by permission.

(2) The court should have instructed a verdict for plaintiffs because the undisputed evidence shows that plaintiffs and their tenants had continuously used both roadways; and, therefore, plaintiffs could not have acquired an easement therein by prescription.

(3) The court should have instructed a verdict for plaintiffs because the undisputed testimony shows that plaintiffs and their predecessors in title at all times exercised dominion and control over the turn rows and roads in question, there being no evidence that defendant or his predecessors in title asserted a right to use same, inconsistent with plaintiffs' right to exercise control and dominion thereof.

In reference to a prescriptive right, Texas Jurisprudence, Vol. 15, p. 797, sec. 24, states the rule to be: "The use of a way, for example, in common with others or the general public is not sufficient to create a prescriptive right, though the way be used for the prescriptive period. Especially is this true where there is no independent assertion of a right more pronounced and peculiar in behalf of the claimant and more indicative of an adverse claim than the open and notorious use with others. If the way is also used by the owner of the land, the use is not adverse and will not give a prescriptive right. This is for the reason that same is not inconsistent with a license from the owner."

The above rule is supported by Sassman v. Collins et al., 53 Tex.Civ.App. 71, 115 S.W. 337; Texas & N. O. R. Co. v. Harvey, Tex.Civ.App., 146 S.W.2d 227.

There is not any evidence in this record that the appellee's predecessors in title, or any of their tenants, ever asserted a claim of right to the use of either of the roads, or that any of them ever did any act that could be construed as being adverse or inconsistent to the right in the use of them by the appellants. All that can be said is that they used the roads when they wanted to, in common with the appellants, their predecessors in title and their tenants and others who used them. One of the plaintiffs testified that Mrs. Johnson, when she wanted to make use of the roads which was out of the ordinary, such as hauling posts to build fences, asked permission to use the roads for such purpose. This evidence was not denied by Mrs. Johnson although she was present and testified in the case.

We are of the opinion that such use by the appellee's predecessors in title and their tenants could be classed as nothing more than a permissive use.

Appellee testified that he lived on the 122 acre tract about two months in 1939 and while there he used the roads; that he left and did not return there to live until April, 1946; that since said time he had spent five years in the army and prior to that he

had been in Central and South America working for oil companies. He further testified that he used the west road going from and to his farm and he used the east road in hauling his crops to market and to transfer his heavy equipment from one side of the farm to the other; that he claimed the right to use both roads and he intended to continue to use them; that anybody used the roads that wanted to; that the appellants, their tenants and the public generally used them and that his use was not exclusive; that they were not his roads. But if the appellee had been there continuously since 1939 and used said roads continuously under a claim of right and in such a manner as would be reasonably indicative that he was using them under such a claim, such use would be short of a ten year prescriptive period, as he cannot base his claim upon the use made by his predecessors in title and their tenants, which, in our opinion, was only permissive, in order to constitute a ten year adverse use of said roads. However, the appellee did nothing until a short time prior to the filing of this suit that would evidence a claim of right upon his part to use either of them, and that was when he cut and felled timber upon appellants' land and across one of the roads in question and when bad feeling arose between him and appellants and their tenants concerning his stock straying upon their land.

The appellants and their predecessors in title established and maintained these roads for the convenience of themselves and tenants and exercised complete dominion and control over them. They were used continuously and constantly by them, their tenants and others. The appellee failed to establish that he or his predecesosrs in title or their tenants ever by any word or act said or did anything that could be construed as an assertion of a claim of right to use said roads that was adverse or inconsistent with and to the exclusion of any individual right of appellants in the dominion over said roads or in their use. They merely used the roads when they wanted to in common with others. We are of the opinion that the appellants' motion for an instructed verdict should have been granted. In addition to the authorities cited above, see: Callan v. Walters, Tex.Civ. App., 190 S.W. 829, 833; Tolbert et al. v. McClellan, Tex.Civ.App., 241 S.W. 206; Bauch et al. v. Kahn et al., Tex.Civ.App., 293 S.W. 259; Williams v. Kuykendall, Tex.Civ.App., 151 S.W. 629; Texas West Ry. Co. v. Wilson, 83 Tex. 153, 156, 18 S.W. 325; Bretzke et al. v. Gode, Tex.Civ. App., 289 S.W. 111; 29 C.J., § 9, page 377; 39 C.J.S., Highways, § 9; Weber et ux. v. Chaney, Tex.Civ.App., 5 S.W.2d 213, 215.

Therefore, that part of the trial court's judgment refusing to enjoin the appellee from trespassing upon and using the roads in question is hereby reversed and judgment rendered permanently enjoining him from the use of said roads. The rest of said judgment is in all things affirmed.