**SMITH v. COOPER et ux.**

No. 2958.

Court of Civil Appeals of Texas.

Feb. 22, 1951.

Ellen Victery, Teague, for appellant.
Bowlen Bond, Teague, for appellees.

HALE, Justice.

Appellant owns and resides upon Lots 18 and 19 and appellees own and reside upon Lots 20 and 21 in Block 65 of the City of

Teague. The lots extend from east to west in their ascending numerical order, Lot 20 being west of and contiguous to Lot 19. The west wall of appellant's dwelling house is approximately one inch east of the dividing line between Lots 19 and 20 and the eaves of the house protrude beyond the dividing line a distance of approximately four inches to the west thereof. Appellant acquired her property by deed dated November 2, 1943, and appellees acquired their property by deed dated August 6, 1945.

Appellant instituted her suit against appellees on April 4, 1950, alleging in substance that she wished to make certain necessary repairs on her house; that in order to make such repairs on the west side thereof it was necessary for her workmen to go upon the premises belonging to appellees; and that appellees had forbidden her workmen to enter upon their premises for the purpose of making such repairs. She prayed that appellees be enjoined from forbidding her and her workmen "from going on and standing on defendants' ground and premises, in order to complete said work that may be necessary to be done." Appellees answered with a general denial, and, by way of cross action, sued appellant in a formal action of trespass to try title for the title to and possession of Lots 20 and 21. Appellant answered the cross action with a plea of not guilty and affirmative pleas of limitation based upon the three, five, ten and twenty-five year statutes.

The case was tried on its merits before the Court below without a jury and resulted in judgment denying appellant the relief sought by her in her original petition and awarding to appellees on their cross action the title and right of possession in and to all of Lots 20 and 21, except that portion of Lot 20 over which the eaves of appellant's house extends, being approximately four inches along the east side of said Lot. The trial court did not file any findings of fact.

Appellant predicates her appeal from the foregoing judgment upon the following point of error: "The Court should have rendered judgment for appellant, granting her an easement and right to go upon and across said Lot Number 20, based upon the ten years' statute of limitation."

In order to authorize or require the trial court to render judgment for appellant, granting her an easement and right to go upon and cross Lot 20, based upon the ten years' statute of limitation, it was necessary for appellant to allege and prove the existence of such right of easement and the location thereof, so that the boundaries over which such right of easement extends might be ascertained with reasonable certainty. T.J. Vol. 15, p. 811, Sec. 39 and authorities. See also: Cozby v. Armstrong, Tex.Civ.App., 191 S.W.2d 786. Furthermore, in order to establish the existence of such right of easement, if any, the burden of proof was upon appellant to show that she and her predecessors in title had asserted a right to the use of all or a part of Lot 20 for a period of ten years, which asserted right was adverse to or inconsistent with the legal right of the owner of said lot to the exclusive use and possession of the same. Sassman v. Collins, 53 Tex.Civ.App. 71, 115 S.W. 337, er. ref.; Williams v. Kuykendall, Tex.Civ.App., 151 S.W. 629; Gill v. Pringle, Tex.Civ.App., 224 S.W.2d 525, er. ref., and authorities.

Appellant did not allege the existence of an easement in her trial petition. We fail to find any mention of "easement" or "right of easement" in any of her pleadings in this case. Although pleas of limitation were interposed as affirmative defenses against the asserted cross action of appellees, we find no mention of limitation or any claim of adverse possession or adverse user in appellant's trial petition.

But regardless of the pleadings of the parties, we cannot say as a matter of law that appellant discharged the burden of proof resting upon her in such manner as to entitle her to any recovery herein. There is no evidence in the record as to the dimensions of appellant's house or lots, or as to whether the house could or could not be moved to the east of the dividing line between Lots 19 and 20, or as to what portion of Lot 20 is incumbered by the asserted easement, if any, or as to what portion of the lot might be necessary for the use of

'appellant's workmen in order to complete the desired repairs. Moreover, the evidence does not conclusively show that appellant, or any of her predecessors in title, ever asserted any claim of right to the use of Lot 20, or any part thereof, for the purposes here involved, or that they, or any of them, ever did any act that could be construed as being adverse to or inconsistent with the lawful right of the record owner of Lot 20 to the exclusive use and possession thereof. On the contrary, the evidence was sufficient to warrant the trial court in concluding that such convenient use as appellant and her predecessors in title had previously made of Lot 20 for the purpose of repairing the house situated on Lot 19, was merely permissive and did not constitute an adverse use within the meaning of the law.

Therefore, appellant's point of error must be and the same is hereby overruled and the judgment appealed from is affirmed.