### MARICLE v. HINES.

No. 15313.

Court of Civil Appeals of Texas. Fort Worth.

Feb. 15, 1952.

Rehearing Denied March 21, 1952.

Smoot & Smoot, of Wichita Falls, for appellant.

Nelson, Montgomery, Robertson & Sellers, of Wichita Falls, for appellee.

CULVER, Justice.

The parties to this litigation own adjoining premises in the City of Wichita Falls. Appellant, Mrs. Maricle, purchased her lot in April, 1945, and appellee, Mrs. Hines, hers in the same month of 1940. In 1950, the appellant began the construction of an apartment house and other structures on her property. During the course of the excavation work it was discovered for the first time, so far as the parties to this litigation are concerned, that the sewer line from appellee's premises was laid underground about two-thirds of the way across appellant's property, where it connected with a line belonging to appellant, which, in turn, joined with the public sewer in the alleyway running north and south along appellant's property.

Appellant brought this action in the district court seeking a declaratory judgment and a determination of her right to require appellee to remove the sewer line from appellant's property.

The case was tried to the court and judgment rendered against the plaintiff, declaring that "the defendant has heretofore acquired (by prescription) and is entitled to a permanent easement across the plaintiff's land for the defendant's sewer line which connects her property with the City sewer line in the alley west of and adjacent to plaintiff's land, and that said easement is a servitude on the estate of the plaintiff, which shall not be interfered with; * * *."

Appellant asserts that the court erred in holding that appellee has a prescriptive right to maintain her sewer line across appellant's property to the public sewer line for the reason that the evidence was not sufficient to show "open, notorious and adverse" user of this line for a period of ten years or more.

The trial court found in its judgment that continuously for more than forty years prior to the filing of this suit the sewer line from appellee's property had lain on and across appellant's property and that such use by the appellee and her predecessors in title had been continuous, uninterrupted, exclusive, adverse, open and notorious. The court further found that there was no evidence of when, how or by what authority the sewer line was laid. Neither appellant nor appellee knew of the location of this sewer line prior to the excavation work in 1950 and an inspection of the property showed no surface indications of the line.

The unity of title of these two lots ceased many years ago prior to the laying of the sewer line, appellant's lot having been conveyed to one Frazier in 1906 and appellee's lot to Orr in 1910. The record is completely silent as to the ownership of these two lots until they were purchased by appellant and appellee in 1945 and 1940 respectively.

The authorities are uniform that a prescriptive right is not favored by the law but all elements of use and enjoyment must concur and be shown in order to create an easement by prescription. 28 C.J.S., Easements, § 10.

In the oft-cited and leading case of Ladies' Benevolent Society of Beaumont v. Magnolia Cemetery Co., Tex.Com.App., 288 S.W. 812, 815, it is said: "This adverse claim of right may be proved by circumstantial evidence, sufficient to sustain the conclusion, but it must, nevertheless, be proved in some way by legal evidence, else the alleged prescriptive right fails."

For a prescriptive right to be successfully asserted, it must be shown that the use of this line by appellee and her predecessors was open and notorious, that it was with the knowledge of the owner of the servient estate, and that it was hostile, adverse, uninterrupted, exclusive and continuous for a period of more than ten years. A failure to prove any one of the

essential elements is fatal. Mere user alone will not create an easement. Bretzke v. Gode, Tex.Civ.App., 289 S.W. 111; Williams v. Kuykendall, Tex.Civ.App., 151 S. W. 629.

■ It would seem to be rather unusual for one to lay his sewer line partly across his neighbor's lot and connect with his neighbor's line without permission, but use with the permission of the owner will never ripen into prescription. It must be under a claim of right and adverse. Boone v. City of Stephenville, Tex.Civ.App., 37 S.W.2d 842. See cases cited.

■ In our opinion there is no evidence, circumstantial or otherwise, in this case showing that the *user* was open, notorious and adverse or within the knowledge or acquiescence of the owner. Even if it should be assumed that the line originally was laid with the knowledge of the then owner of appellant's lot and was adverse to him, there is no showing as to who he was or how long he owned the property thereafter or who purchased it from him.

The case of McKeon v. Brammer, 238 Iowa 1113, 29 N.W.2d 518, 174 A.L.R. 1229, relied upon by appellee, merely holds that an existing prescriptive easement is not extinguished by a sale of the servient estate to a bona fide purchaser without knowledge or actual or constructive notice, and the purchaser takes subject to the easement.

In the case of Wiesel v. Smira, 49 R.I. 246, 142 A. 148, 58 A.L.R. 818, cited by appellee, the easement was held to be one by implication, not by prescription. The sewer line was laid by the original owner of the lots before conveyance to the litigants. The court in that case quotes from 2 Tiffany, Real Property, 2d Ed., p. 1278, to the effect that an easement is apparent if its existence is indicated by signs which might be seen or known on a careful inspection by a person ordinarily conversant with the subject.

In the instant case the evidence does not point to any signs which upon a careful inspection might have indicated to the appellant the presence of the sewer line involved.

In the case of Pokorny v. Yudin, Tex. Civ.App., 188 S.W.2d 185, 194, writ dismissed, cited by both parties on different points, it appears that the easement was held to be one by implication, the court concluding: "Implied in the court's findings, we think is the finding that defendants each purchased with notice and so as to their predecessors in title."

In both Foster v. Patton, Tex.Civ.App., 104 S.W.2d 944, and Weldon v. Quaite, Tex.Civ.App., 175 S.W.2d 969, a right of way by prescription was involved and the character of the use was necessarily open and visible, which tended to raise the fact issue as to whether the use was "adverse."

In our opinion the appellee has failed to prove that the user was "open, notorious and adverse," which are essential elements to the establishment of an easement by prescription.

Other points raised by appellant are not discussed, inasmuch as the foregoing is decisive of this controversy.

The trial court found that appellee has a practical outlet for a line along the parkway on Tenth Street running in front of both lots to the sewer line in the alleyway on the west. The case is reversed and remanded with instructions to the trial court that a reasonable time be allowed to appellee to re-locate her sewer line in accordance with this opinion.

Reversed and remanded with instructions.

### On Motion for Rehearing

Appellee, in her motion for rehearing, calls our attention to the following language in our opinion: "The record is completely silent as to the ownership of these two lots until they were purchased by appellant and appellee in 1945 and 1940 respectively." The statement quoted is inaccurate in so far as it concerns the lot of appellee. Her chain of title is substantially shown in the record. This, however, is immaterial. What we meant to emphasize is that since the laying of this line there is no showing that these various intervening owners knew of the existence of the line or asserted any adverse claim. Appellee refers to the quotation in the opinion from

2 Tiffany and says that the easement was apparent because appellant's plumber, "a person ordinarily conversant with the subject", readily found the line upon his first inspection. As we understand the evidence, appellee's line was found accidentally while digging for concrete foundations and for the purpose of re-laying appellant's lines. The plumber was not searching for or seeking to determine where appellee's line lay at the time of the discovery.

Believing the case has been correctly determined, we must adhere to our original decision and overrule appellee's motion for rehearing.

No further motions for rehearing need be filed.