Eugene PARR, Appellant,

v.

Olin MERRITT, Appellee.

No. 17673.

Court of Civil Appeals of Texas, Fort Worth.

Jan. 9, 1976.

Rehearing Denied Feb. 6, 1976.

---

A. V. Grant, Muenster, and Jack Connell, Bowie, for appellant.

Sullivant, Meurer, Harris & Sullivant, and Belvin R. Harris, Gainesville, for appellee.

## OPINION

SPURLOCK, Justice.

This is a suit brought by Olin Merritt, plaintiff (appellee), against Eugene Parr, defendant (appellant), to enjoin defendant from maintaining obstructions upon and across a public road which is on the property adjoining plaintiff's land, and to require defendant to remove all obstructions from said public road. The defendant contends in his answer that he owns 564 acres of land adjacent to and east of the land owned by plaintiff; the said road meanders across defendant's land on the west boundary line for a distance of 666 varas; he owns the land; the gates are across a private road; he has been compelled to lock gates along the road because he was plagued by trespassers and cattle thieves; that he holds the legal title to all the land; and has a legal right to lock all the gates.

The court submitted the case to the jury on two issues: "Special Issue No. 1: Do you find from a preponderance of the evidence that the roadway in question was continuously used and traveled by the public generally, whenever it saw fit, for a period of ten (10) years or more, substantially along and upon the same route and across the lands of the owners thereof? Special Issue No. 2: Do you find from a preponderance of the evidence that such use and travel over said road on the part of the public was open, obvious, and adverse to the landowners, and without objection by them?" The jury answered each of these issues in the affirmative. Judgment was then rendered against the defendant ordering him to remove all

locks and chains from all gates across said public road and he was further enjoined from locking the gates across the road in the future.

We affirm.

A witness, advanced in years, testified that the use of the road by the public had been continuous and without interruption and had been open, notorious, hostile, and adverse since 1900 until the last few years.

The County Commissioner of Montague County, the county in which the land is located, testified that as a county employee and now as a County Commissioner of that precinct, he, on behalf of the County, and at the expense of the County, had maintained this road continuously on an average of once or twice a year from 1948 to the present time. This work was done at the request of various persons. The County was supposed to maintain public roads. The County did not have deeds to many of the public roads maintained by Montague County. Another witness testified that the road had been used as a public road by the public in general, without interruption, from 1936–1942; another witness testified that to his knowledge everybody had used the road as a public road continuously from 1927–1942, and during this period of time there were no gates or other obstructions across the road. Another witness testified that said road had been used by the public in general continuously for 26 years. Other witnesses testified to the same effect. Each witness testified that they did not seek permission from anyone to use the road because it was a public road.

Appellant's first three points are as follows:

"*FIRST POINT*: The evidence showing that the use of the roadway was merely permissive, such use could never ripen into a prescriptive right against the owner so as to constitute the roadway a public road.

"*SECOND POINT*: In the face of the undisputed testimony that the use made of the roadway by others was subservient to the rights of the owner of the land upon which said roadway exists, the Court erred in failing to grant Defendant's Motion for Instructed Verdict.

"*THIRD POINT*: In the face of the undisputed testimony that the use made of roadway by others was subservient to the rights of the owner of the land upon which said roadway exists, the Court erred in submitting Special Issue No. 2 inquiring as to the adverse use."

Appellant groups these three points. It is noted that his first point is an abstract statement of law and does not complain of any action by the trial court. He assigned no points of error asserting there was no evidence or insufficient evidence to support the jury's answer to such issue.

We overrule these points.

In *Weldon v. Quaite*, 175 S.W.2d 969 (Waco, Tex.Civ.App., 1943, no writ hist.) that court stated:

"It is the duty of the trial court to submit in his charge to the jury for its determination all ultimate controlling issues of fact raised by the pleadings and tendered by the evidence. Such issues may be tendered by direct evidence or by proof of sufficient facts and circumstances to form the basis for a legal conclusion with respect thereto. It is only when there is no evidence, direct or circumstantial, tendering issues essential to a recovery, or when the evidence relating to one or more of the controlling issues raised by the pleadings is undisputed and is such that reasonable minds may not differ in the conclusions to be drawn from the evidence in respect thereto, that the court is authorized to withdraw a case from the jury or to direct a verdict. In passing upon the sufficiency of the evidence to tender issues raised by the pleadings, it is the duty of an appellate court to view the evidence, and all reasonable inferences that may be drawn therefrom, in the most favorable light from the standpoint of the prevailing party."

■ Bearing in mind the foregoing rules of law, we have carefully reviewed the evidence and are of the opinion that the trial court did not err in overruling defendant's motion for an instructed verdict or in submitting said issue or in rendering judgment for the plaintiff. The evidence was sufficient to sustain the trial court's ruling, the submission of said issue, the jury's answer thereto, and the judgment rendered herein. We also hold that the jury's answers to said issues were not against the greater weight and preponderance of the evidence.

In *Weldon v. Quaite,* supra, that court stated:

"The right to use private property as a public thoroughfare may be acquired by prescription, but in order to do so it is necessary to show that an uninterrupted use of the way has been made by the public under an adverse claim of right for the statutory period of limitation. The use by the public must be with the actual or implied knowledge of the owner, adversely under claim or color of right, and not merely by the owner's permission. . . .

"The adverse claim of right may be proved by circumstantial evidence, sufficient to sustain the conclusions, and may be inferred from the circumstances of the manner of the use thereof. *Hall v. Austin,* supra (20 Tex.Civ.App. 59, 48 S.W. 53); *Texas & P. Ry. Co. v. Gaines,* Tex.Civ.App., 27 S.W. 266. It is generally a question of fact to be ascertained by the jury. *Texas Western Ry. Co. v. Wilson,* 83 Tex. 153, 18 S.W. 325; *Ladies' Benevolent Society v. Magnolia Cemetery Co.,* supra (288 S.W. 812, Tex.Com.App.); *Boone v. City of Stephenville,* supra (37 S.W.2d 842, Tex.Civ. App.).

"While there was no evidence that plaintiffs, or any member of the public, had, by word of mouth, claimed the right to use the strip of land in question adversely to defendants and their predecessors in title, the jury had the right to infer that such use was adverse and under claim of right from the character of the use of the property and the circumstances connected with its possession. *Boone v. City of Stephenville,* supra; *Hall v. Austin,* supra."

The evidence adduced at the trial was sufficient to meet the tests stated above.

Defendant, by his fourth point, asserts the trial court erred in giving an instruction to the jury relative to the law concerning the placing of gates across a public road and the placing of locks on said gates.

This point is overruled.

This claimed error was not assigned as error in defendant's amended motion for new trial in this case tried to a jury. This point is raised for the first time in this Court.

■ Ordinarily, no error, unless specifically assigned in the motion for new trial, may be urged on appeal. Rule 320, T.R. C.P; *Red Ball Motor Freight, Inc. v. Cordova,* 332 S.W.2d 753 (Beaumont, Tex.Civ. App., 1960, no writ hist.); *Lunsford v. Sage, Inc. of Dallas,* 438 S.W.2d 615 (Houston, Tex.Civ.App., 1st Dist., 1969, ref., n. r. e.); *Wagner v. Foster,* 161 Tex. 333, 341 S.W.2d 887 (1960).

By its supplemental brief, appellant, by additional points, claims that the trial court committed fundamental error in rendering judgment because of the non-joinder of Walt Parr, Mrs. Eugene Parr (Nannie Crownover Parr) and Montague County.

These points cannot be considered by this Court unless they raise an issue of fundamental error because the points were not preserved in appellant's motion for new trial.

■ Appellant first contends the effect of the judgment was to allow a prescriptive right to the roadway in question to be used by the public and thus it follows that the onus of maintaining such road in the future would be by Montague County, which was not a party to the suit.

This point is overruled.

The same point was urged in the case of *Porter v. Johnson*, 151 S.W. 599 (Dallas, Tex.Civ.App., 1912, no writ hist.). There the point urged was that the ". . . appellees, being private parties, could not force upon the public authorities a road with the incidental burdens of repair and maintenance without the assent of the properly constituted authorities, and such assent could not be inferred from long continued use by the public. . . . This question has been answered in the negative by this court in the case of *Evans v. Scott*, 37 Tex.Civ.App. 373, 83 S.W. 874. In that case it is said: 'The public's right of prescription to a highway is not dependent upon the recognition of that right by the municipal authorities of the county, but is acquired by adverse use for the time and in the manner prescribed by the rules of law.' This we think is the correct view of the law. . . . Adverse use of the road for the length of time required by the public is the foundation upon which the claim rests. This use must have continued uninterrupted under adverse claim of right for the full prescriptive period, which in this state is 10 years. *Evans v. Scott*, supra, and authorities cited. Again: 'If the public by a prescriptive use, has acquired the right, which may ripen into control by the county, it inures to all who may have had an interest in maintaining the road.' *Hall v. City of Austin*, 20 Tex.Civ.App. 59, 48 S.W. 53."

Based upon the authorities cited above this Court holds that Montague County is not an indispensable party to the suit.

■ As to the effect of the non-joinder of Mrs. Parr and Walt Parr, the record reflects that Mr. and Mrs. Parr were present during the trial and each testified. After both sides had closed, defendant urged a motion for instructed verdict, presented his request for special issues, and made his objections to the court's charge; whereupon the court adjourned until the next day. The next morning defendant moved the court to withdraw his announcement that he had closed and rested his case in order to put on the testimony of Mr. and Mrs. Parr to clarify the ownership of a certain 100 acre tract adjacent to the land in controversy. This motion was overruled.

Mrs. Parr testified during the hearing, on the bill of exception taken to the court's above ruling, that she was the owner of 99.14 acres of land over which the road in question ran. She claimed this was her separate property because she had made the initial payment from her separate funds and had made installment payments from income derived from revenue from her separate property. A deed was offered in evidence showing that this same tract was conveyed to her and her husband jointly.

In *New Amsterdam Casualty Company v. Jordan*, 359 S.W.2d 864 (Tex.Sup., 1962) that court stated: " 'A new trial will not be granted on the ground of newly-discovered evidence, unless it is made to appear that it has come to the knowledge of the applicant since the trial; that it could not have been sooner discovered by the exercise of diligence; that it is not merely cumulative; that it is not for the purpose of impeachment.' *Conwill v. Gulf, C. & S. F. Ry. Co.*, 85 Tex. 96, 19 S.W. 1017 (1892)."

It is our opinion that this evidence could have been sooner discovered by the exercise of diligence. The court did not err in overruling defendant's motion to reopen the case.

■ In any event, there was no evidence offered by appellant that Mrs. Parr had the right to exclude her husband, the other joint record owner, from being on the tract involved. A map attached to appellant's supplemental brief shows that four gates are involved. Gate No. 1 can be unlocked from another public road which the defendant admits is a public road. This first gate, opening onto the Walt Parr property, can be unlocked from this other public road without a person being required to go onto the property of Walt Parr. Gate No. 2 adjoins plaintiff's property and is on the 99.14 acre tract described above. Gate No. 3 is in the fence line of the above tract and

the Eugene Parr tract. Gate No. 4 is on the Eugene Parr tract. Defendant can unlock each gate without going upon any other person's property except the 99.14 acre tract, record title to which is in defendant and his wife jointly.

There are other reasons why we are required to overrule these points of error being discussed. The relief sought by plaintiff was in the nature of a mandatory injunction requiring the defendant to unlock the gates he had locked and not to lock them in the future. We hold that Montague County, Walt Parr, and Mrs. Eugene Parr are not indispensable parties to this suit in which plaintiff is seeking the indicated relief against Eugene Parr only.

We have considered each point and overrule same.

The judgment is affirmed.