**Ben LOVE, Appellant,**

v.

**Sam OLGUIN et al., Appellees.**

**No. 6741.**

Court of Civil Appeals of Texas, El Paso.

Aug. 2, 1978.

Rehearing Denied Sept. 6, 1978.

Stubbeman, McRae, Sealy, Laughlin & Browder, W. B. Browder, Jr., Rodney W. Satterwhite, Wm. F. Sanderson, Jr., Midland, for appellant.

Hart Johnson, Fort Stockton, for appellees.

Bracewell & Patterson, J. Woodwin Jones, Houston, for J. P. Bryan.

## OPINION

OSBORN, Justice.

This is an appeal from a judgment in favor of the Appellees, Sam Olguin, Jack Pope and Arthur Cavness, permanently enjoining the Appellant, Ben Love, from locking any gate upon a certain roadway in Brewster County and from interfering with the Appellees' use of the roadway as a public road. We affirm.

The road in question, which is identified in the record as the "Park Road," proceeds in a westerly direction in the Big Bend National Park off of U.S. Highway 385 and crosses ranches which, at the time of trial, were owned by Ben Love, Houston Harte, who is not a party to this suit, Sam Olguin and apparently Jack Pope. Ben Love acquired his property in 1962, and sometime thereafter locked the gate where the road leaves the Big Bend National Park for a period of time without any incident. In

1976, he became concerned about the number of strangers traveling on the road across his ranch and again locked the gate. The combination of the lock was provided to the Appellees in this case, along with a couple of other ranchers who used this road. Thereafter, the Appellant submitted a road license agreement to the Appellees under which they were to have a revocable right to use the road upon the terms provided for in the agreement. While one of the other ranchers in the area signed the agreement, the Appellees refused. In the spring of 1977, Mr. Love changed the combination on the lock and refused entry to those who had not signed the license agreement. This suit resulted. The Appellees, as Plaintiffs in the trial Court, contended that the road was a public road which could not be closed to the public because of an implied dedication; also, that the road was opened to them as a matter of right by public or private prescriptive use; and, also, that they had the right to use the roadway because it was a way of necessity. Trial was to the Court which found for the Appellees on all three theories of law.

## MOTION TO DISMISS

Since this appeal has been perfected, the Appellee Sam Olguin has sold his property to J. P. Bryan, Jr. and wife, and Mr. Olguin and his tenant, Arthur Cavness, have transferred and assigned all of their rights and interest in the lawsuit to Mr. Bryan, who has advised the Court that he does not desire to assert any right to the roadway. The Appellant has filed a motion to dismiss the case asserting that the remaining Appellee, Jack Pope, has no legal standing to question the character of the roadway or to challenge its closing by Mr. Love. The trial Court's judgment declares that the road is a public road, and permanently and perpetually enjoins the Appellant from locking any gate upon said road and from doing anything that will in any way prevent the Appellees and their heirs, assigns, and tenants from using the road for all lawful purposes. Basically, the Appellant contends that this road does not cross the Pope ranch and that Jack Pope has not suffered damage other than that suffered by all who might use the road. Of course, the contention is made throughout the case that it is not a public road. Most of the cases relied upon by the Appellant involve the closing of city streets, and those cases are not applicable because they are controlled by the provisions of Article 4646a, Tex.Rev.Civ.Stat. Ann. That Statute has no application in this case.

Even so, we conclude that the evidence does establish damage or injury to Jack Pope other than that sustained by the general public. The trial Court found this is a public road and it gives access to the west part of the Pope ranch. In addition, Exhibit A reflects that the road actually crosses the Pope ranch at one place giving direct access to that property. On cross-examination, Jack Pope testified that a survey might reflect that the road was not on his property but said that he thought the map showed the road the way it is. We conclude that this is sufficient with the trial Court's findings to establish a justiciable interest in the road in question. There was no necessity that this right be asserted by the County as a party to the suit. *Parr v. Merritt*, 532 S.W.2d 154 (Tex.Civ.App.—Fort Worth 1976, writ ref'd n. r. e.). In addition, it should be noted that this issue raising the standing of Jack Pope in this case has been raised for the first time on appeal and presents a new theory which was not presented to the trial Court. Normally, appellate Courts do not permit new issues to be raised for the first time on appeal. *Thomas v. Morrison*, 537 S.W.2d 274 (Tex. Civ.App.—El Paso 1976, writ ref'd n. r. e.); *Trice Production Company v. Dutton Drilling Company*, 333 S.W.2d 607 (Tex.Civ.App. —Houston 1960, writ ref'd n. r. e.). The motion to dismiss is denied.

## CASE ON THE MERITS

The evidence establishes that Jack Pope has owned a ranch south of Marathon on both sides of Highway 385 since the 1940's, and he has occasionally used the "Park Road" since 1948. This road gives access to

the west part of the ranch which is separated from the rest of the ranch by a mountain range which makes normal access impossible. He testified that he regards this roadway as a public road. Entrance can also be obtained from the north, but that road is not maintained by the County and, because of the terrain through a canyon, often becomes inaccessible after rains in the area. At best, it is generally traveled by vehicles with a four-wheel drive. A former county commissioner said the Park Road has been used by the public since the 1930's, and that during his tenure as a commissioner from 1951 to 1963 it was maintained by the County. Carl Porter, a rancher in the area, and his wife testified that they use the road to take their children to school in Marathon, and that it has been maintained by the County for many years. He said access was not limited to area ranchers and that the Border Patrol used this road on occasions.

Testimony was also offered to show that cattle trucks could not get over the north road through the canyons. The County Judge of Brewster County testified that Park Road was maintained by the County for inhabitants in the area and that it had been open to the public, but he also said it was maintained for the ranchers' use and not the general public. Arthur Cavness, a ranch tenant, said a person could travel to the back part of the ranch land in about fifteen minutes over the Park Road, but that it would take two and a half hours to reach the ranch by the north road through the canyon.

## EASEMENT BY PRESCRIPTION

██ The trial Court filed extensive findings of fact and conclusions of law. The first three points attack the legal and factual sufficiency of the evidence to support a finding of fact that the Park Road was constructed in 1930. Although there is no direct evidence on actual construction, there was evidence that the road had been used since the early 1930's. That evidence is sufficient to support the trial Court's finding, and Points of Error Nos. 1, 2 and 3 are overruled.

██ The next group of points, 4 through 22, complain of the findings and conclusions by the trial Court which resulted in a right of prescriptive use of the Park Road. It is well settled that a public right of way by prescription can be established only by showing an uninterrupted use by the public under an adverse claim of right. *O'Connor v. Gragg*, 161 Tex. 273, 339 S.W.2d 878 (1960). It is necessary to show that the use of the roadway by the general public was open, hostile, adverse, uninterrupted, exclusive and continuous for a period of more than ten years. *Hudson v. Gaines*, 501 S.W.2d 734 (Tex.Civ.App.—Corpus Christi 1973, no writ). The permissive use of a roadway over the land of another contemporaneously with the owner's use of the same roadway is not adverse. *O'Connor v. Gragg*, supra. And the use of the road is only permissive and not adverse, as a matter of law, if the roadway is also used by the owner of the land along with those who claim an easement by prescription. *Gill v. Pringle*, 224 S.W.2d 525 (Tex.Civ.App.—Waco 1949, writ ref'd). In this case, Ben Love testified that he used the road to feed cattle in his pasture. There is no proof about the use by his predecessor in title.

██ In *Johnson v. Faulk*, 470 S.W.2d 144 (Tex.Civ.App.—Tyler 1971, no writ), the Court noted that the burden of proof as to the existence of an easement is upon the one making such claim, and that each and every element of the claim must be established by a preponderance of the evidence. In that case, the roadway had been in existence for more than 56 years, but the Court, in denying that there was a private or public easement, noted that the plaintiff and the predecessor in title used the road for the same purposes as the defendants and their predecessors in title, which was to get to their property from the public road. The Court said: "There is no evidence showing that the plaintiff ever claimed a right to use the roadway to the exclusion of the defendants nor is there any evidence that the public generally ever used the roadway or asserted any right or claim to the exclusion of the defendants." The

same may be said for the record in this case. We sustain Points of Error Nos. 4, 5, 8, 11, 14, 17, and 20, and hold that the evidence does not establish an easement either by private or public prescription.

## WAY OF NECESSITY

■ Appellant's Points of Error Nos. 23 through 35 make attack upon the trial Court's findings and conclusions which result in the holding that the Park Road was a "way of necessity" to the western part of the Pope ranch. The evidence is sufficient to support the trial Court's findings that the north road through the canyon is so narrow that a cattle truck cannot make an entry through it. There is no doubt that the road becomes impassible following rains which cause considerable wash in the canyon. And, undoubtedly, the Park Road is far better and quicker access to the main public road in the area, which is Highway 385. But that is not the only issue in considering a way of necessity.

In *Othen v. Rosier*, 148 Tex. 485, 226 S.W.2d 622 (1950), the Court noted that where a vendor retains a tract of land which is surrounded partly by the tract conveyed and partly by the lands of a stranger, there is an implied reservation of a right of way by necessity over the land conveyed where the grantor has no other way out. The Court said before the way of necessity can be established, it must be shown: "(1) that there was a unity of ownership of the alleged dominant and servient estates; (2) that the roadway is a necessity, not a mere convenience; and (3) *that the necessity existed at the time of severance of the two estates.*" Also see *Estate of Waggoner v. Gleghorn*, 378 S.W.2d 47 (Tex. 1964); *Duff v. Matthews*, 158 Tex. 333, 311 S.W.2d 637 (1958). In this case, there is no proof of the first or third elements, and it is unnecessary to consider the proof as to the other element. We sustain Appellant's Points of Error Nos. 23 and 33 and hold that the evidence does not establish a way of necessity.

## DEDICATION

■ The Appellant's last group of points attack the trial Court's findings of fact and conclusions of law that there has been an implied dedication of the Park Road for public use. These points must be overruled. Tom Yarbro testified that the road had been used by the public since the early 1930's. He said it was used by anyone who wanted to go into that area. He was a county commissioner from 1951 to 1963 and was familiar with the fact that the County maintained the road and the County put in cattle guards where some fences cross the road. Jack Pope testified that he had used the road since 1948. Mr. and Mrs. Potter had used the road for about fifteen years and knew that it was maintained by Brewster County. He said its use was not restricted to the ranchers in the area. The County Judge testified that the County maintained the road which was open to the public. In fact, it was substantial use by the public which caused Mr. Love to lock the gate, resulting in this suit.

One of the leading cases in Texas on implied dedication of a roadway is *Owens v. Hockett*, 151 Tex. 503, 251 S.W.2d 957 (1952). In that opinion, Justice Smith writing for the Court said:

"Our courts recognize the doctrine that a dedication of land to public use need not be shown by deed, nor by public use for any particular length of time. It is sufficient if the record shows unequivocal acts or declarations of the landowner, dedicating same to public use, and where others act on the faith of such dedication, the landowner will be estopped to deny the dedication, or to make any future use of the property inconsistent with any purpose for which the land was dedicated. Common-law dedications, such as the one here involved, are subdivided into two classes, express and implied. 'In both it is necessary that there should be an appropriation of land by the owner to public use, in the one case by some express manifestation of his purpose to devote the land to the public use, in the other by some act or course of conduct from which

the law will imply such an intent.' Elliott, Roads and Streets (2d Ed.) p. 121; 26 C.J.S. Dedication Sec. 13, p. 65; *Oswald v. Grenet*, 22 Tex. 94; *Wolf v. Brass*, 72 Tex. 133, 12 S.W. 159; *Evans v. Scott*, 37 Tex.Civ.App. 373, 83 S.W. 874; *Tribble v. Dallas Ry. & Terminal Co.*, Tex.Civ.App., 13 S.W.2d 933, writ refused."

In affirming the trial Court's entry of an injunction to keep the road in question open, the Court made note of the fact that for many years the road had been used by the petitioners and the general public, and that it had been maintained by the use of County equipment, just as in this case.

Seven years later, in another opinion by Justice Smith, the Court reached the same result on the issue of dedication. *O'Connor v. Gragg*, supra. In that case, the Court held that a presumption of acquiescence is raised when the origin of the user by the public and the ownership of the land at that time are shrouded in obscurity, and no evidence exists to show the intention of the owner in allowing the use. To the same effect is the opinion in *Compton v. Thacker*, 474 S.W.2d 570 (Tex.Civ.App.—Dallas 1971, writ ref'd n. r. e.). In our case, the use began more than 45 years ago and continued up to the time of the lockout in 1977.

Although this roadway was in a rather isolated area and was never heavily traveled, that does not alter the conclusion that it was a public road, and the trier of the facts was entitled to infer the fact of an intention to dedicate from the long continued use by the public and the apparent acquiescence of the owner. *Dowlen v. Klapper*, 381 S.W.2d 123 (Tex.Civ.App.—Amarillo 1964, no writ). We overrule Points of Error Nos. 36 through 48, and sustain the trial Court's determination that the Appellees and the general public are entitled to use the Park Road by reason of an implied dedication.

The judgment of the trial Court is affirmed.

## ON MOTION FOR REHEARING

■ Appellant continues to urge his Motion to Dismiss. He still contends the "Park Road" does not cross and does not give actual access to the Pope Ranch. He strongly urges that Jack Pope does not contend otherwise. Certainly Jack Pope recognized that without a survey the road's exact location on the various sections could not be known. Nevertheless, Exhibit "A" does show the road crossing the Pope Ranch at one place and that is some evidence of its location. But the issue is really moot since the standing of Jack Pope as a party may not be raised for the first time on appeal.

The Appellant is correct in asserting that Tom Yarbro testified that the County put in cattle guards on the "North Road" and not the "Park Road," and we correct our original opinion in this regard. The fact remains that the County did maintain the "Park Road."

The Appellant's Motion for Rehearing is overruled.