**Donald A. GEORGE and Joy George, Appellants,**

v.

**Verdis J. PHILLIPS, Sr., et al., Appellees.**

No. 9051.

Court of Appeals of Texas, Texarkana.

Oct. 12, 1982.

K. Danny Woodson, Florence, Florence & Woodson, Hughes Springs, for appellants.

Jesse M. DeWare, IV, Jefferson, for appellees.

HUTCHINSON, Justice.

Donald and Joy George appeal from a final judgment granting a permanent injunction enjoining them from interfering with appellees' and the public's use and enjoyment of a public road. The Georges complain that there was no evidence to support two jury findings and that a faulty instruction on the theory of right-of-way by necessity was given. We affirm.

The 308 acres in Marion County involved in this suit were originally owned by W.H. and Frances Whiten. In 1936, the District Court of Marion County entered an agreed judgment severing the tract. Fifty acres were awarded to the Whitens, predecessors in title to Danny and Melba Phillips. The remainder of the tract was awarded to Annie Lowe Stiles, the only predecessor in title to the Georges.

The original roadway, referred to as the old roadway, had been used prior to 1936 by the public for access to homes, schools, etc. It begins in the Phillips' property crossing the Georges' land to Lewis Chapel Road, a paved county road. The Whitens used the old roadway from 1936 to 1964 as their only means of public access. The roadway was smoothed and covered with gravel by the county between 1955 and 1976. In 1967, the Georges erected two parallel fences which resulted in a modified roadway to the Whiten home. The purpose of the fences was not related to the Phillips' or their use of the road, but instead to separate their stud horse from their mare. The Phillips used this modified roadway until 1978 or 1979 when the Georges put gates and locks on the roadway and allowed cows to wander on the roadway.

The Phillips filed two suits, which were consolidated by the trial court, for permanent injunctions to prevent the Georges from interfering with their use and enjoyment of the road, thereby allowing them access to their property. The jury found that the public in general adversely used the old roadway under a claim of right, openly, continuously, and uninterrupted for the ten-year period of limitations and that the use had not been abandoned. The jury also found that the use of the modified roadway across the Georges' land to the fifty acre tract of land owned by Danny and Melba Phillips was reasonably necessary to a fair and enjoyable use of that fifty acre tract at the time the Phillips' tract was severed from the George tract and that the necessity for the use never terminated or ceased to exist. The jury further found that the modified roadway constructed by the Georges is substantially the same as the old roadway and that such modifications made by the Georges were

acquiesced to by the general public. On the basis of the jury's verdict, the trial judge then entered a judgment granting the permanent injunction.

■ In considering no evidence points, we look only at evidence and inferences from the evidence which support the jury findings and disregard all evidence and inferences to the contrary. *Dolenz v. Continental Nat. Bank of Fort Worth,* 620 S.W.2d 572 (Tex.1981).

■ The right to use private property as a public roadway may be acquired by prescription. An uninterrupted use of the way by the public under an adverse claim of right for the statutory period of limitation is the necessary showing. This use must be with the actual or implied knowledge of the owner, adversely under claim or color of right and not merely by the owner's permission. *Love v. Olguin,* 572 S.W.2d 17, 20 (Tex.Civ.App.—El Paso 1978, writ ref'd n.r. e.).

■ An adverse claim of right may be proved by circumstantial evidence and may be inferred from the circumstances of the manner of the use thereof. It is generally a question of fact. Even when there is no evidence that the public or the plaintiff had verbally claimed the right to use a roadway adversely to the defendants and their predecessors in title, the jury has the right to infer that such use is adverse and under claim of right from the character of the use of the property and the circumstances connected with its possession. *Parr v. Merritt,* 532 S.W.2d 154, 157 (Tex.Civ.App.—Fort Worth 1976, writ ref'd n.r.e.); *Weldon v. Quaite,* 175 S.W.2d 969 (Tex.Civ.App.— Waco 1943, no writ); 28 Tex.Jur.2d *Highways and Streets* § 12 (1961).

■ The evidence adduced at trial was sufficient to support the jury's findings and meet the above tests. The Georges' first point of error that there was no evidence to support the finding that the use of the roadway was adverse is without merit.

■ Georges' second no evidence point concerns necessity. Evidence was introduced at trial to the effect that when the dominant and servient estates were severed in 1936, the old roadway was the only way available to the Whitens to reach their fifty acre tract. This evidence is adequate to support the jury's finding that a reasonable necessity existed at the time of severance. The Georges' point of error that no evidence of a necessity at the time of severance existed is denied.

The final point of error urges that the trial judge erred in using the standard of reasonable necessity rather than the standard of strict necessity in instructing the jury on the theory of right-of-way by necessity. The degree of necessity required in establishing an implied easement depends upon whether it is an implied easement by reservation or by grant.

In 1930, Whiten conveyed the entire 308 acre tract to W.P. Stiles, the Georges' predecessor in title. The agreed judgment of 1936 conveyed title to the fifty acre portion now owned by the Phillips back to the Whitens. Since the conveyance that severed the two parcels of land involved a transfer of title of the dominant estate from the Stiles to the Whitens, any implied easement was by grant rather than reservation.

■ An easement by implication arises when the owner of a single tract of land conveys a part of the land and, although the deed is silent, the circumstances at the time of the conveyance are such as to cause an easement to arise between the two parcels. Depending on whether the dominant estate is retained or conveyed, an implied easement may be reserved or granted, respectively. To establish an implied grant of an easement, the plaintiff must prove, along with other elements, that there was unity of title of the alleged dominant and servient estates. *First National Bank of Amarillo v. Amarillo National Bank,* 531 S.W.2d 905 (Tex.Civ.App.—Amarillo 1975, no writ). Further, it must be shown that the apparent use was in existence at the time of the grant and the use must be continuous and necessary to the use of the dominant estate. *Meredith v. Eddy,* 616

S.W.2d 235 (Tex.Civ.App.—Houston [1st Dist.] 1981, no writ).

The Supreme Court adopted a standard of strict necessity for implied reservations in *Mitchell v. Castellaw,* 151 Tex. 56, 246 S.W.2d 163 (1952), but later said that a stricter rule was applied to reservations than was applied to implied grants. *Drye v. Eagle Rock Ranch, Inc.,* 364 S.W.2d 196, 208 (Tex.1963). Since then, courts have required that only a reasonable necessity exist to prove an implied easement by grant. *Exxon Corp. v. Schutzmaier,* 537 S.W.2d 282 (Tex.Civ.App.—Beaumont 1976, no writ); *Fender v. Schaded,* 420 S.W.2d 468 (Tex. Civ.App.—Tyler 1967, writ ref'd n.r.e.). Thus, the trial judge was correct in using the standard of reasonable necessity when instructing the jury on the theory of a right-of-way by necessity.

The judgment of the trial court is affirmed.